WILLIAM J. DAVENPORT ET AL. v. MABEL M. COLLINS ET AL.

[48 South. 743; 51 South. 449.]

ON SUGGESTION OF ERROR.

[SEE REPORT OF PREVIOUS DECISION, 95 MISS. 358.]

1. WILLS. *Construction. Intention of testator.*

Mere indirectness of phraseology and awkwardness of expression in a will should, if reasonably possible, be so dealt with in construing the instrument as to effectuate and not overthrow the dominant intent of the testator.

2. SAME. *Same. Case.*

Where a will provided that the estate should be equally divided between testator's wife and three children, to be theirs during their natural lives, and to the children and heirs of their bodies, if any they have at the time of their death, if not, to revert to the estate in gross and be again divided between testator's wife and children and to their heirs, "they" to take a life estate only; and all the grandchildren to take only such share as their deceased parent would have taken, the quoted word "they" should be construed to refer to the children of the testator, and not to any grandchild who might share in the lapsed share of a child who had died without issue, since the dominant purpose of the will was to vest the life estate in his wife and children, and remainder in fee to his grandchildren.

FROM the chancery court of Jefferson county.

HON. J. T. DRAKE, Special Chancellor.

Mrs. Collins and others, appellees, were complainants in the court below; Davenport and others, appellants, were defendants. there. From a final decree in complainants' favor defendants. appealed to the supreme court.

The facts are fully stated in the opinion of the court, reported,. *Davenport v. Collins,* 95 Miss. 358. After the delivery of the opinion reported in 95 Miss. the appellees presented a suggestion of error.

*Mayes & Longstreet* and *Torry & Logan,* for appellants.

*Ratcliff & Truly* and *W. C. Martin,* for appellees.

[The arguments of the respective counsel on the suggestion of error were practically the same as those made on the previous hearing of the case. For synopses of them, see 95 Miss. 359 to 370.]

WHITFIELD, C. J., delivered the opinion of the court.

After the most mature and careful consideration which we have been able to give to this suggestion of error, we announce our conclusion in brief.

We adhere to all that was held in the original opinion, 95 Miss. 358, 48 South. 733, as to the construction of the will of Washington Burch, except that we think the word "they," in that phrase in the third clause of the will, to wit, "they to take a life estate only," refers to the children of the testator, and not to any grandchild who might share in the lapsed share of a child who had died without issue. We said in the original opinion that the grammatical construction would make the word "they" in this passage refer to such grandchild or grandchildren. But it was also stated that the controlling canon of construction in respect to the interpretation of wills is always to ascertain

the real intent of the testator, and then to effectuate that intent, if in any way it can be reasonably effectuated within the rules of law. A careful and mature reconsideration of this will satisfies us that it was no part of the purpose of the testator to vest any life estate in any grandchild or grandchildren under any circumstances, but that his purpose manifestly was to vest an express life estate in his children and his wife, who survived with remainders in fee to their children. That was the dominant idea, that the ruling purpose of the will, and any mere indistinctness in its phraseology, or awkwardness of expression, in the mere words used in the will, must be so dealt with, if reasonably possible, as to effectuate, and not overthrow, the dominant intent of the testator. Doubtless there is some confusion and some awkwardness of expression in this third clause of the will. But, if the great controlling purpose of the testator be kept in mind, we think it will result satisfactorily that the word "they" refers alone, in harmony with his controlling purpose, to his children and his wife. If one of the three children died without issue, and another of the three children should die, leaving a grandchild, then, under this clause, the lapsed share will revert to the estate of the testator in gross, and be redivided between the mother and the surviving child and the said grandchild, each taking one-third, which satisfies the expression "share and share alike."

As to the quantity each said grandchild would take, each would simply take that quantity, one-third, which would have been its portion in the lapsed share of its deceased parent. But as to the quality of the tenure of said grandchild in said lapsed share, it is simply meant that said grandchild shall take its third in the lapsed share as a remainder in fee, just as it would have taken it, had its parent not been dead when the share lapsed. It was no part of the thought of the testator that the grandchild's interest in such lapsed share should be held for life. All that is meant by providing that such grandchild should take the

share which its deceased parent would have taken is simply to show that the grandchildren were to take per stirpes. The object was to point out what portion, in quantity, of such lapsed share such grandchild would take. There was no purpose to say how the grandchild who should take that portion in quantity for life should take as to the quality of its tenure.

We think this is the clear meaning of the language in this third clause, which we here set out in full once more: "Third. It is further my will and desire that all of my estate, both real and personal (except such as is particularly excepted and otherwise disposed of in this will), be equally divided between my beloved wife, Adaline Burch, and my three children, to wit, Isaac W. Burch, Eliza Jane Burch and Nancy Burch, share and share alike, and I do give and bequeath to them the same in equal proportions as aforesaid, to be theirs and each of theirs during their natural life, and to the children and heirs of their bodies (if any) they have at the time of their death, if not the same shall revert to my estate in gross and be again divided between my said wife and children or such of them as shall survive, and to their heirs, share and share alike, *they* to take a life estate in the same only; and all the children of my deceased children (if any) to take only such share as their deceased parent would have taken. But should any of my said children die without issue before such division, such division to be made among the survivors of my said children and my said wife." We are clearly of the opinion that the true purpose and dominant intent of the testator is worked out, and is reasonably and consistently worked out, by holding that this word "they," in the clause referred to, has reference solely to the testator's wife and his own children living at the time of his death.

Conceding that the language used is cloudy and the expression awkward, nevertheless it is just as reasonable, and we think much more reasonable, upon mature reflection, to refer this word "they" in the connection indicated to the wife and children

of the testator, and thus effectuate what the whole will taken together shows was the purpose of the testator, to wit, to vest. life estates in his wife and children and remainders in fee in his grandchildren.

The result is that the former judgment in this cause is vacated and set aside, and judgment will be entered here affirming the judgment of the court below.

<em>Suggestion of error sustained.    Decree affirmed.</em>