[Civ. No. 5415. First Appellate District, Division Two.—December 24, 1925.]

In the Matter of the Estate of HANNAH GADINA, Deceased. ANNABELLE McKENZIE, Appellant, v. JOHN R. McLEAN, Executor, etc., Respondent.

[1] WILLS—ABSENCE OF CAPITALS AND PUNCTUATION—CONSTRUCTION—INTENT—RELATIONSHIP BETWEEN TESTATRIX AND BENEFICIARIES.—In this proceeding, in the form of a petition for final distribution, to secure the construction of a holographic will which was neither punctuated nor capitalized, the construction adopted by the trial court, based upon its separation of the will into sentences, which resulted in the nephew of the testatrix receiving the greater portion of her estate, seemed the natural and proper one and to express the obvious intent of the testatrix; and this construction was strengthened by the testimony regarding the friendly and cordial relationship between the testatrix and said nephew and the absence of such relationship between the testatrix and her niece (the contestant).

(1) 40 Cyc., p. 1403, n. 75.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. B. Bianchi, A. R. Cotton and John M. Lewis for Appellant.

J. J. Paulsell and Frederick W. Crawford for Respondent.

LANGDON, P. J.—This is an appeal from a decree of final distribution. The respondent John R. McLean was the executor of the last will and testament of Hannah Gadina, deceased, and a legatee and devisee thereunder. His petition for distribution was contested by the appellant here, who is also a legatee under said will and who contended for a construction of the will different from that announced in the petition for final distribution. The issue upon that question is the only matter involved upon the appeal.

Deceased was the aunt of both parties hereto. [1] Her holographic will was neither punctuated nor capitalized.

In constructing it the trial court separated it into sentences and announced that such separation seemed the natural and proper one beyond any doubt. The will is as follows:

"In the name of God amen I Hannah Gadina with good health and sound mind do declare this to be my last will and testament I am not under the influence of any one I give to all my nephews and nices to each one fifty Dollers five hundred Dollers liberty Bonds I give to the masonic home in Decota California I give five hundred Dollers to the Nazarene Church in San Francisco I give all my wering aperial to Mrs. Ida McMillan of Los Gatos I give two musical instruments to my nephew John R. McLean I give all my jewelry to my niece Christy to her youngest daughter my watch and chain all family pictures and navil Banner to my nephew John R. McLean all my furniture I give to my niece AnBell McKenzie all money in Banks Gass and Electric Bonds all my reail estate of every description I give to my nephew John R. McLean I name said John R. McLean excuter without bonds I put my hand and Seal this day third of January 1922 Colma San Mateo County, State of California Hannah Gadina."

About all the bequests, through and including the one of "two musical instruments to my nephew John R. McLean," there is no dispute between the parties. Following that bequest the trial court, in effect, punctuated the will so that it read as follows: "I give all my jewelry to my niece Christy; to her youngest daughter, my watch and chain. All family pictures and naval banner to my nephew John R. McLean. All my furniture I give to my niece, Annabell McKenzie. All money in banks, Gas and Electric bonds, all my real estate of every description, I give to my nephew, John R. McLean. I name said John R. McLean executor without bonds."

We can only say with the trial court that this seems to us the natural and obvious intent of the instrument and to express the intent of the testatrix. This impression of the document itself is strengthened, we think, by the testimony in the record. Contestant and appellant sought to prove by testimony regarding the relationship of the parties, that it was more reasonable to suppose that the testatrix intended to express herself thus: "I give all my jew-

elry to my niece Christy; to her youngest daughter, my watch and chain, all family pictures and naval banner. To my nephew, John R. McLean, all my furniture. I give to my niece, Annabell McKenzie, all money in banks, Gas and Electric bonds. All my real estate of every description I give to my nephew John R. McLean.''

We think she did not succeed in so proving. She testified that the relationship between herself and her aunt was always friendly and cordial and she narrated incidents which would have a tendency to prove this. On the contrary, the respondent introduced a letter to himself in which the testatrix stated that contestant was keeping herself very busy about her (testatrix's) affairs, but that it would not do her any good; that she (testatrix) thought less of her every day. There was also the testimony of respondent that contestant and deceased had not been congenial and this was corroborated by the testimony of the minister and friend of deceased, who visited frequently at her home and appears to have had her confidence. There was evidence that the deceased depended upon her nephew for advice in her affairs and that he wrote to her frequently and often, at her request, lived at her home and did repair work upon her property. Her letters to him show confidence and affection.

Although there is a conflict in the evidence upon the relationship of the parties, there is a preponderance of evidence in favor of respondent and this also supports the determination of the trial court.

There are no other matters requiring discussion and the judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 12, 1926.