WHITAKER et al. v. COMMERCIAL NAT. BANK & TRUST CO. et al.

(Division A. May 31, 1937.)

[174 So. 890. No. 32771.]

Welch & Cooper, of Laurel, for appellants.

**Deavours & Hilbun,** of Laurel, for appellees.

Argued orally by **Ellis B. Cooper**, for appellant, and by **Henry Hilbun**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

W. M. Whitaker, a bachelor, died leaving surviving him a brother, E. H. Whitaker, Sr., and three sisters, Lena and Irene Whitaker, and Mrs. S. W. Welch, all of the whole blood, and also a brother, Vivian P. Whitaker, and a sister, June C. Whitaker, of the half blood. He made a holographic will, which was duly admitted to probate, and which the reporter will set out in full. He owned, at the time of his death, three classes of property: (1) Personal property consisting of money, stock in corporations, promissory notes, and an automobile; (2) real estate owned by him jointly with others; and (3) real estate owned solely by him. An administrator appointed to administer the testator's estate, presented his final account, and a trustee was appointed to administer the trust created by the testator's will. A

controversy has arisen as to what property the trustee is entitled to under the terms of the trust to which the administrator, the trustee, and the brothers and sisters of the testator, both of the whole and half blood, are parties. The court below held that the trust included all of the property owned by the trustee at the time of his death except the two specific bequests to E. H. and Vivian P. Whitaker.

The brothers and sisters of the whole blood have appealed, and their contentions are: (1) The will is so vague and indefinite that the testator's intent cannot be gathered therefrom, and, consequently, cannot be enforced in so far as it may be said that it attempts to create a trust; (2) if a trust is created by the will, it does not include (a) real property of which the testator was the sole owner, and (b) stocks, bonds, and real property owned jointly by him with others unless the administrator of his estate should deem it necessary to sell this real property, stocks, and bonds in order to create a fund sufficient for the support of Irene, Lena, and Junie C. Whitaker.

The solution of the questions here presented will be aided by rearranging the second, third, fourth, fifth, and eighth paragraphs of the will, which are the ones under consideration, so that they will then read as follows:

1. "That my sisters Irene, Lena and Junie C. Whitaker be allowed adequate funds for this support and maintenances, and each one to have equally as long as they are single, should any of them get married, then their share will be only half. Should all of them marry then all of their heirs my Brothers and Sisters shall share equally. Should any of my sisters mistood upon marry and be made widows for any cause then they shall be restored to their full share as long as widows. If any of them should die leaving husband and child or children then their share or interest shall be held in trust for the benefit of the children.

2. "The husband not to have in or partisipate.

3. "To my sister Mrs. S. W. Welch I bequeath $10.00 a month (or $120.00 a year during her life) at her death her share shall revert to general fund.

4. "As my estate is small I want all money I have either in cash, life Insurance, Rents or other sources, after all personal debts have been paid to be invested in good sound bonds or stocks that may be passed on by the Administrators for investments.

5. "Should the Administrators deam deam it wise to sell or dispose of any property held jointly with others, or stocks, bonds, the funds from such sale should go into the general fund."

These paragraphs will be herein referred to by their above rearranged numbers.

The word "this" in the second line of the first paragraph is evidently a clerical error, and was intended by the testator to be "their." The words "mistood upon" in the sixth line of the same paragraph are meaningless; but the sentence in which they appear, construed in the light of the fact that one of the testator's sisters was then a widow and the other had not theretofore married, clearly means "should any of my sisters marry and be made widows," etc.

By the first of these paragraphs, the testator clearly subjected all or a portion of his property, except a sufficiency thereof, to cover the two specific devises to E. H. and Vivian P. Whitaker: (1) To the payment of $10 per month to Mrs. Welch; (2) to the support of Irene, Lena, and Junie C. Whitaker; and, on the death of the last three, (3) to the benefit of their children.

The first of these two purposes can be accomplished only by the property set apart therefor, being held by a trustee charged with the duty of accomplishing the two purposes; and the testator expressly designated a trust for the accomplishment of the third.

What property did the testator impress with the trust? A devise or bequest of this character, without more, would subject the whole, or a sufficient portion of the testa-

tor's property, thereto, and there is no contention here that the testator's purpose could be accomplished by subjecting thereto less than the whole of his property. Moreover, unless the contrary appears, we must presume that the testator did not intend to die intestate as to any of his property. 69 C. J. 91; Vaiden v. Hawkins, 59 Miss. 406; Hale v. Neilson, 112 Miss. 291, 72 So. 1011. This presumption is strengthened, made practically certain, (1) by the facts that the devisees and legatees include all the testator's heirs at law, and also a sister and brother of the half blood; (2) that in the fourth of these paragraphs, wherein he directs certain of his personal property to be invested in bonds and stocks, he states that his estate "is small," thereby clearly indicating that he was of the opinion that it would require the whole of his estate to carry out the purposes he intended to accomplish by his will; (3) in paragraph 1, he devised the remainder of the trust property, after the death of the life beneficiaries thereof, to the children of Irene, Lena, and Junie C. Whitaker; and (4) the will contains no residuary devise. Unless other language of the will eliminates a part of the testator's property from the trust, the whole of his property, except such as will be consumed in the payment of the debts of the testator and the two specific devises to E. H. Whitaker and Vivian P. Whitaker, is impressed therewith.

Paragraphs 4 and 5 are said by the appellants to eliminate therefrom the real property of which the testator was the sole owner, the real property owned jointly by him with others, and his stocks and bonds, unless the administrator shall deem it necessary to include these last two species of property therein.

Paragraph 4 deals only with investments to be made by the administrator or trustee. Paragraph 5 simply confers a power of sale of stocks and bonds and property owned jointly by the testator with others, the proceeds of which are to go into the general trust.

The appellants attach some importance to the use of

the words "administrators" in the fourth and fifth paragraphs, as hereinabove arranged, and argue therefrom that the administrators only were given authority to sell the property described in the fifth paragraph, and to place its proceeds into the trust fund. It is clear from the whole will that the testator thought the trust created would be administered by his administrators, in other words, they would be the trustees thereof. The power conferred is not upon any particular persons, but on such as should administer the trust. The court below had the power to appoint successors to the administrators, and when the administration of the estate was closed, to charge the person appointed only with the duty of administering the trust; and the validity of the appointment of this trustee is not here challenged.

Affirmed.