**HENDERSON et al. v. STANLEY et al.**
No. 2298.

Court of Civil Appeals of Texas. Waco.
March 27, 1941.

Rehearing Denied April 24, 1941.

Cecil Glass, of Marlin, for appellants.

Prentice Oltorf, of Marlin, for appellees.

HALE, Justice.

J. M. Stanley and fourteen other legatees under the will of L. N. Stanley, deceased, instituted this suit in the district court of Falls county on March 22, 1938, against Jim Henderson, individually and as independent executor, and against numerous other beneficiaries for the purpose, among other things, of securing a judicial construction of the following holographic will:

"State of Texas
"County of Falls.

"Be it known that I, L. N. Stanley do hereby make and declare this my will and testament, no other one having ever been made by me.

"1st. I am a single man and never was married.

"2. I direct that after my death all my just debts be paid in full by my executor hereinafter named, as soon as possible but without waste to my estate.

"3rd. I direct that I have a decent burial in my lot at Calvary Cemetery in Marlin, Tex. and a tombstone marking the place.

"4th. I direct that my net estate be equally divided among my Brothers and Sisters, and their children, who are surviving at the time of the various distributions set fourth herein.

"5th. Five years shall be taken to wind up my estate, distributing about ⅕ annually among them, and longer if necessary to preserve same from dissipation and waste. My executor to draw his pay in same five annual installments.

"6th. My Father and Mother are both dead, and I had the following Brothers and Sisters – Isaac P; Ann Elizabeth (called Nancy) who married J. W. Chestnutt, W. J. (Bill); Columbus who married Henry Shelly and after his death married Dan Holmes; James, Bunyan; Joseph E. and Cora Emma; who married Wm. C. O'Quinn, all which married and left families except Jos. E. who married but had no children so far as I know, but if so they shall inherit if living with the others.

"7th. Nancy Chestnutt, Bill and Joe are living near Conway, Harry Co. S. C. My other Bros & Sisters are dead.

"8th. I hereby appoint Jim Henderson as executor of this my Will, and direct that no bond be required of him, and no Probate Court proceedings be had except an appraisement, and inventory of same which will be found among my papers made up annuall on Jan. 1st, of each year & filing this will.

"9th. The sum of 1½ Thousand Dollars shall in three installments of Five Hundred Dollars each, be taken by my executor as compensation for his services contingent upon a faithful and honest discharge of this Stewardship.

"Witness my this May 10–1930.
                              "L. N. Stanley."

During the pendency of the suit, the trial court issued a temporary injunction enjoining the executor from retaining from the funds belonging to the estate any sum of money for his own use by way of fees, commissions or other compensation for his

services as executor, and from making sale of any real property belonging to the estate. Upon trial before the court without a jury, judgment was rendered on December 28, 1939, (1) construing the will as hereinafter shown, (2) making the temporary injunction theretofore issued permanent, (3) appointing a receiver to take charge of the estate, and (4) awarding to plaintiffs a recovery of $4,555.76 against the defendant Henderson, individually and as executor. From this judgment, the defendant Henderson has appealed.

The litigation arose out of a controversy between the parties over the amount of compensation which appellant was entitled to receive for his services as executor. It was and is the contention of appellant that the will should be construed so as to allow him the statutory commissions fixed by law under the provisions contained in paragraph 5 of the will, and that, in addition thereto, he should also be allowed the sum of $1,500 under the provisions contained in paragraph 9 of the will. On the other hand, it was and is the contention of appellees that the will should be so construed as to allow appellant only the sum of $1,500 payable in three annual installments in lieu of the commissions provided by law. The trial court adopted the construction contended for by appellees. After careful consideration, we have reached the conclusion that the trial court was not required to adopt either of the constructions contended for by the respective parties because neither was correct for the reasons briefly set forth in the next succeeding paragraphs.

■■ In construing a will, the intention of the testator is controlling. It is the duty of the court, in arriving at such intention, to look alone to the language actually used and give effect to every part of the will, if such is legally possible or practicable. The presumption should be indulged that the testator did not intend to use any meaningless or superfluous words, but that he intended for every provision, clause or word in his will to have a meaning in the disposition to be made of his property. While no strained construction should be resorted to, yet the court should construe the instrument as a whole in keeping with its general intention and in such a way, if possible, as to bring every provision into harmony with each other. Haupt v. Michaelis, Tex.Com.App., 231 S.W. 706; Estes v. Estes, Tex.Com.App., 267 S.W. 709; Arrington v. McDaniel, Tex.Com. App., 14 S.W.2d 1009; Jackson v. Templin, Tex.Com.App., 66 S.W.2d 666, 92 A.L.R. 873; Lockett v. Wood, Tex.Civ.App., 84 S.W.2d 798; First M. E. Church South v. Anderson, Tex.Civ.App., 110 S.W.2d 1177.

■ The deceased was charged with notice that in the absence of any specific directions in his will with respect to the compensation which the executor should receive for his services, appellant would be entitled to receive the commissions fixed by law. Article 3689, Vernon's Ann.Civ.Statutes; Crossland v. Dunham, 135 Tex. 301, 140 S.W.2d 1095. He had the unquestioned right to provide for a specified amount to be paid to the executor in lieu of the compensation fixed by the statutes, but if such was his intention, then it was his duty to evidence the same by the use of language about which there could be no reasonable doubt. We entertain some doubt as to whether the language employed in paragraph 9 of the will, even though standing alone, was sufficiently definite and specific to evidence an intention that the compensation therein provided for was in lieu of that fixed by law, or to exclude the legal presumption which would have arisen from an absence of such provision. But the testator evidently intended for the express provisions in paragraph 5 of his will to play some part in his directions with respect to the pay which the executor should receive. In order to give the will the construction contended for by appellees, it would be necessary to completely ignore the specific directions contained in paragraph 5 to the effect that the executor was to draw his pay in five annual installments. Paragraph 5 ought not to be ignored if the provisions thereof can reasonably be harmonized with the directions in paragraph 9 concerning the compensation of the executor. Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148.

■ However, in order to adopt the construction contended for by appellant, it would be necessary to write into paragraph 9 of the will language which was not used or implied and to make of this paragraph a gratuitous bequest to the executor wholly independent of and in addition to the compensation fixed by law or referred to in paragraph 5. We believe such a construction would be entirely too strained. Cleveland v. Cleveland, 89 Tex. 445, 35 S.W. 145; Heller v. Heller, 114 Tex. 401, 269 S.W. 771.

■ By supplying the words "at least" in the beginning of paragraph 9, which we

think are clearly implied, the specific intent of the testator becomes readily apparent, every part of the will is given effect, every word is given a definite meaning and each provision is brought into harmony with the other and all are made to harmonize with the provisions of the law in so far as the compensation of the executor is concerned. That it is the duty of the courts, under established canons of construction, to supply such words, if they be not implied, we have no doubt. Neely v. Brogden, Tex.Com.App., 239 S.W. 192; Darragh v. Barmore, Tex.Com.App., 242 S.W. 714.

■ Therefore, in our opinion, it was the true intent and meaning of the testator by making his will to provide that appellant should receive as compensation for his services as executor the minimum sum of $500 per annum for each of the first three years, during which he should faithfully and honestly discharge the duties imposed upon him, and if the commissions fixed by law should exceed such minimum compensation, then the compensation fixed by law should, at the election of appellant, be payable during each of the first three years of his executorship in lieu of the minimum compensation otherwise provided for, and that thereafter such statutory commissions should be payable annually for the fourth and fifth years and so long thereafter as might be reasonably necessary for the executor to wind up the estate without dissipation and waste.

The construction which we have thus placed upon the will as a whole, from the language actually employed, is, we believe, fortified by all the circumstances in evidence. The original will was brought up as an exhibit with the statement of facts. It discloses that paragraph 8 as originally written was, in part, as follows: "I hereby appoint Cliff McCoy and Jim Henderson as executors of this my Will and direct that no Bond be required of them, and no Probate Court proceedings be had, etc." The words "Cliff McCoy and" were deleted from the will as probated, and the word "them" was changed to "him". Paragraph 9 as originally written was, in part, as follows: "The sum of Five Thousand Dollars shall in Five installments of One Thousand Dollars each shall be taken by my Executors as compensation for their services, etc." In the will as admitted to probate, the fourth word "Five" in paragraph 9 was changed to "1½", the ninth

word "Five" was changed to "Three", the twelfth and thirteenth words were changed to "Five Hundred", the sixteenth word "shall" was deleted, the twenty-first word was changed to "Executor", and the twenty-seventh word was changed to "his". There was no evidence as to when or why these changes were made.

The evidence showed that the deceased was never married; that he came from North Carolina to Falls county when he was a young man; that he was licensed to practice law in the State of Texas but never engaged in the active practice; that he had no relatives living in this state; that at the time of his death on February 6, 1936, he was 72 or 73 years of age and owned property valued at approximately $100,000 which was encumbered with debts amounting to approximately $70,000; that his property consisted of farm lands, buildings, stocks and other personal property, and of about fifty small houses which were rented to negroes; that up to the time when this suit was filed, the executor had collected from the sale of property and from rents approximately $70,000 which had been applied to the payment of debts and the expenses of administration, and that the unpaid debts of the estate amounted to approximately $4,000 and that the property belonging to the estate still remaining on hand was of the approximate value of $40,-000.

As an attorney, the deceased must have known that the amount and condition of his estate was such that $1,500 would be inadequate compensation for the services which he expected of his executor. He must have known that if only the sum of $1,500 was to be paid in lieu of the commissions fixed by law for the services required, then the executor whom he wished to appoint without bond would in all reasonable probability refuse to qualify as such, and thus necessitate an expensive administration of his estate through the probate court. Certainly it was not his intention at any time that his estate should be thus administered. Further observations are urgently suggested, but to indulge the same would cause this opinion to be extended beyond the propriety of due bounds. It must suffice for us to say that the language employed by the testator, as well as all of the circumstances shown by the evidence, impels us to the conclusions which we have reached as to the true intent and meaning of the will before us.

The trial court further construed the will to limit the power of sale vested in the executor to so much of the property belonging to the estate as was necessary for the purpose of realizing funds with which to pay off the debts of the deceased and therefore denied the claimed right of appellant to sell all of the property belonging to said estate for the purpose of making distribution of the net assets among the beneficiaries under the will as therein directed. We believe this was also an erroneous construction. The court found that "on account of the large number of beneficiaries and of the nature and reduced amount of property of the estate left on hand, it is not possible for a fair and equitable partition in kind to be. made and that said property should be sold by a receiver of this court for the purpose of partition and distribution, and it is so ordered, adjudged and decreed."

We see nothing in the will which could be construed as a limitation upon the implied powers of sale which are necessarily vested in the executor. If a fair and equitable partition in kind can not be made among the beneficiaries by a receiver, as found by the trial court, then we fail to perceive how such a partition could be made by an. executor. And if such a partition can not be effected by the executor, it clearly must have been the intention of the testator to invest him with all of the powers necessarily incident to a proper discharge of the trust imposed. Danish v. Disbrow, 51 Tex. 235; Orr v. O'Brien, 55 Tex. 149; Faulk v. Dashiell, 62 Tex. 642, 50 Am.Rep. 542; Terrell v. McCown, 91 Tex. 231, 43 S.W. 2; Wisdom v. Wilson, 59 Tex.Civ. App. 593, 127 S.W. 1128; 2 Perry on Trusts, 7th Ed., § 766.

We therefore hold that it was the intention of L. N. Stanley to vest in the executor of his will the power and right to exercise a sound discretion in the sale of any and all of the property of which the testator might die seized and possessed for a minimum period of five years from the time of his death in order that the executor might make a fair and equitable distribution of the net proceeds from such sale or sales among the beneficiaries under said will in the proportions therein specified, after the payment of the just debts of the deceased.

Appellant assigns error on the action of the court in appointing a receiver to take charge of the assets of the estate and sell the same for the purpose of parti-

tion and distribution among the beneficiaries under the. will. We sustain this assignment. In ·a proper case, the district court, in the exercise of its general powers, has the right to appoint a receiver and to retain jurisdiction once properly acquired in order to grant full and final relief to the parties at interest, but we do not think under the record here presented that this is a proper case for the exercise of such broad equity powers. Gross v. McCallum, 123· Tex. 110, 69 S.W.2d 46; Hocker v. Stevens, Tex.Civ.App., 42 S.W.2d 473; McCanless v. Clough, Tex.Civ.App., 298 S.W. 643; Articles 3456-a et seq., Vernon's Ann.Civ. Statutes.

The will specifically provides that five years shall be taken to wind up the estate, and. longer if necessary to preserve same from dissipation and waste. It may be assumed, as found by the trial court, that appellant should have applied sooner to the courts for a judicial construction of the will which he was attempting to execute; or that he should have distributed some of the proceeds which he received from the sale of property among the beneficiaries before paying all of the just debts of the deceased; or that he used bad judgment in regard to some of the sales which he made or contemplated making. We do not pass upon the accuracy of these findings. But there is no finding and there is no evidence in the case which would justify an inference of any bad faith or fraud or dishonesty on the part of appellant. And regardless of the inherent powers of the district court in the premises, we believe no sufficient reason is shown either by the findings or evidence which would warrant the courts in substituting their judgment for the clearly expressed intention and directions of the testator as to the manner in which his estate should be administered, or in depriving the appellant of his right and duty to discharge the trust reposed in him by the deceased in accordance with the provisions of the will.

The other assignments presented by appellant relate to the personal judgment which was rendered against him and the amount thereof. From what we have already said, it follows that we are of the opinion that insofar as the action for a final accounting is concerned, the same was prematurely brought, and any judgment based thereon should be set aside. The amount. of the judgment was arrived at by deducting from the claims asserted by appellant

for his services all sums in excess of $1,-500 and by refusing certain claims asserted by him as reasonable and necessary expenses incurred in connection with the administration of the estate. As these questions will not likely arise again in the further proceedings to be had in this suit, we will not discuss the same other than to call attention to the express provisions of Articles 3689, 3690, and 3691 of Vernon's Ann. Civ.Statutes.

It does not appear from the record before us that the judgment appealed from was superseded and therefore we do not know whether the receiver appointed by the court below has qualified as such or, if so, as to what action he might have taken under his appointment during the pendency of this appeal. Under the existing circumstances, we do not deem it proper for this court to attempt to render any judgment herein or to give any specific instructions, other than to say that such further proceedings should be had in the trial court as may be necessary in order to afford all parties to this cause full relief in accordance with the views which we have expressed herein.

Because of the errors in the particulars hereinbefore set forth, the judgment of the trial court in its entirety is reversed and the cause, with all of its parties, is remanded to the court below for further proceedings in accordance with this opinion.

RICE, C. J., took no part in the consideration and disposition of this case.