PHILIP A. HENDRICK & another, trustees, *vs.* DAVID
MITCHELL & others.

Middlesex.     February 4, 1946. — July 3, 1946.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Devise and Legacy*, Remainder. *Probate Court*, Equity proceedings,
Appeal, Accounts. *Trust*, Distribution.

Matters pending on objections to accounts filed by trustees under a will
were governed by G. L. (Ter. Ed.) c. 206 and rules of law relating
thereto and could not be adjudicated on a petition by the trustees
under § 6B, inserted in c. 215 by St. 1935, c. 247, § 1, for a declaratory
judgment respecting rights of the petitioners' testatrix in certain real
estate which affected items in the accounts.

Trustees under a will, who were petitioners in the Probate Court under
§ 6B, inserted in G. L. (Ter. Ed.) c. 215 by St. 1935, c. 247, § 1, for
a declaratory judgment respecting rights of the testatrix to certain
real estate under the will of her husband, were persons aggrieved by
and entitled to appeal from a decree which, although favorable to
their trust estate by establishing therein an interest in the real estate,
might subject them as trustees to liability arising from their having
dealt with the real estate on the basis that they had no interest in it.

Upon construction of the entire will of a testator, who was survived by his
wife and mother as his sole heirs at law and whose chief concern was
his wife, his intention was shown to be that, upon termination of a
trust created therein for the benefit of his wife and mother during their
lives, the remaining trust estate should go to the persons who were his
heirs at the time of his death as if he had died intestate; the word
"wife's" should be inserted before the word "decease" in a provision
which read, "if at the time of my decease my mother shall not then be
living, then my trustee shall pay, make over and convey all the trust
funds and estate to the persons who shall be my heirs at the time of my
decease and in the same proportions that they would inherit if I should
die intestate"; and a decree properly was entered to the effect that,
on the death of the wife testate following that of the mother intestate,
the title to real estate in the trust vested one half in devisees under
the will of the wife and one half in the heirs at law of the mother.

The mere fact, that provision was made in a trust under a will for certain
benefits to be enjoyed by the wife of the testator during her lifetime,
did not prevent her from having a vested remainder interest as one of
the heirs at law of the testator in such of the trust estate as was un-
expended at her death, which the will directed should be paid, made
over and conveyed on her death to the testator's heirs determined as
of the time of his death and as if he had died intestate.

A final decree in equity, establishing that upon the termination of a trust under a will title to the trust real estate vested in designated persons, should have provided that it vested in them subject to conveyance to them in accordance with a provision of the will that upon termination of the trust the trustee should "pay, make over and convey all the trust funds and estate to the persons" entitled thereto.

PETITION, filed in the Probate Court for the county of Middlesex on January 29, 1942.

The case was heard by *Poland,* J.

*P. A. Hendrick,* for the petitioners.

*G. K. Richardson,* for the respondent Edith Cleghorn.

*C. J. Miller,* for the guardian ad litem.

DOLAN, J. This is a petition brought under the provisions of G. L. (Ter. Ed.) c. 215, § 6B, inserted by St. 1935, c. 247, § 1, for a declaratory judgment[1] to determine title to the real estate devised under the will of Orville L. Story. The case comes before us on the appeal of the petitioners from the decree entered by the judge.

The evidence is reported, and the judge made a report of the material facts found by him. Material facts are as follows: The petitioners are the trustees under the will of Florence A. Story, who was the widow of Orville, hereinafter referred to as the testator. At the time of his death his heirs at law were his widow and his mother, Apphia J. Story. The real estate involved consists of three parcels, one at 12 Morton Street, Somerville, one at 10–12 Devereaux Street, Arlington, and one lot of land in the rear of the Devereaux Street premises.

The testator died on February 17, 1916. By his will he devised and bequeathed all of his property to his wife, Florence, in trust to "take from time to time out of the trust funds and estate such sum or sums as shall be sufficient to furnish my said wife with such living, maintenance, and comforts and luxuries of life as she now enjoys; To provide medical care and assistance when necessary and to pay the

---

[1] See now G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, applicable to procedure for declaratory judgments and decrees, wherein G. L. (Ter. Ed.) c. 215, § 6B, is repealed but nevertheless declared to continue to apply to proceedings commenced under that statute prior to November 1, 1945. The present petition was filed in the Probate Court under c. 215, § 6B, on January 29, 1942.

funeral and burial expenses of my said wife." The testator also authorized and empowered her in her discretion to expend such sum out of the trust funds as should be necessary for the comfortable support of his mother, Apphia, during her life (and for other purposes not here material), and provided also as follows: "Upon the decease of my said wife, if my mother shall then be living I direct that one half the trust funds and estate continue to be held by my trustee hereunder for the benefit of my mother as above provided, and the other half thereof shall be made over and conveyed to the persons who shall be my heirs at law at the time of my decease in the same proportions as they would then inherit if I should die intestate. If at the time of my decease my mother shall not then be living, then my trustee shall pay, make over and convey all the trust funds and estate to the persons who shall be my heirs at the time of my decease and in the same proportions that they would inherit if I should die intestate." Apphia, the mother of the testator, died on August 24, 1916, intestate, leaving as her heirs at law a son, Arthur W. Story, and a daughter Mabel E. Sewall, brother and sister of the testator, against whom the petition was taken as confessed.

Florence, the widow of the testator, died on September 16, 1927. During her lifetime she did not sell the real estate involved but did mortgage the same. By her will, after providing for certain pecuniary and specific legacies, Florence devised and bequeathed the rest of her estate to the petitioners, in trust, to sell and deposit the proceeds in savings banks, to pay quarterly the income to David Mitchell during his life and on his death to transfer and give the property and any accumulated interest thereon to Mrs. Edith Cleghorn, or if she be not living at that time to divide the property equally among her heirs. The petitioners were appointed trustees under that will on May 1, 1928, and have since continued so to act. Early in 1930 Arthur W. Story and Mabel E. Sewall made claim that the real estate involved was not a part of the estate of Florence but that they were the true owners under the will of the testator, Orville. The petitioners "abandoned" any interest in

the Morton Street real estate, taking the position that the estate of Florence had no interest in it. By deed dated March 11, 1931, for the same reason they conveyed to the claimants all right, title and interest, if any, that the estate of Florence had in the Devereaux Street property and the lot in the rear thereof. The petitioners received no actual consideration therefor. The petitioners also paid to the claimants mentioned above $817.79, being the amount they had collected as rents from the property less expenses. It appeared at the hearing that certain accounts that had been filed by the petitioners were objected to, and that subsequently they sought through the present proceeding to "raise the legal question" relative to the title to the real estate in question. The judge properly ruled that an accounting concerning the doings of Florence with respect to the trust estate and of the petitioners as executors or trustees of the estate of Florence could not be had in this proceeding. We adjudicate nothing in this opinion concerning those matters, which have no place in equity but are governed by the provisions of G. L. (Ter. Ed.) c. 206 and the rules of law relating thereto. See Colby v. Stearns, 270 Mass. 461.

The judge in effect found the facts above recited and also that there was no express devise of the real estate in the event that happened, "to wit: — The survival of the testator by his mother, and the survival by the widow, Florence A. Story, of the testator's mother," and entered a decree that title to all of the real estate in question at the death of Florence was vested one half in said Florence A. Story, one quarter in Mabel E. Sewall and one quarter in Arthur W. Story, as tenants in common, thus establishing a one-half interest therein in the estate of Florence of which the petitioners are trustees. The petitioners appealed. The respondents who appeared below and argued before us are Mrs. Cleghorn, the ultimate beneficiary should she survive the life beneficiary, and the guardian ad litem who had been appointed to represent persons unascertained, that is, the heirs of Mrs. Cleghorn should she predecease the life beneficiary under the trust created by the will of

Florence. The respondents Arthur W. Story and Mabel E. Sewall did not appeal from the decree entered by the judge.

While at first blush it may seem anomalous to permit trustees to appeal from decrees that are advantageous to the trust estate which they owe a primary duty to protect, *Anderson* v. *Bean*, 272 Mass. 432; 447–448, nevertheless, since the decree appealed from may subject the petitioners as trustees to liability arising from their dealings with the real estate in question, we are of opinion that they are persons aggrieved within the meaning of G. L. (Ter. Ed.) c. 215, § 9. See *Ellis* v. *Hunt*, 228 Mass. 39, 45–46; *Fay* v. *Fay*, 302 Mass. 297, 300.

Considering the merits of the case, we are of opinion that the decree entered by the judge is right. Reading the will as a whole in accordance with the governing rules (see *Ware* v. *Minot*, 202 Mass. 512, 516), it seems to us apparent that the ultimate purpose of the testator was that upon the termination of the trust created by him the trust estate (then remaining) should go to those persons who would be his heirs as of the date of his death and as if he had died intestate. It is obvious that the provisions made by him concerning the continuance in trust of one half of the trust estate for the benefit of his mother should she survive his widow were intended to be effective only in that event, and even by that provision the other half was to be made over and conveyed to the persons who should be his heirs at the time of his death in the same proportions that they would inherit if he died intestate. To read the final provision, "If at the time of my decease my mother shall not then be living, then my trustee shall pay, make over and convey all the trust funds and estate to the persons who shall be my heirs at the time of my decease and in the same proportions that they would inherit if I should die intestate," literally would be to destroy the principal trust created for the benefit of his wife, who manifestly was his chief concern. It is to be noted that in the provision of the will just quoted the direction of the testator for disposition in the event that his mother should not then be living is that the trustee shall then "pay, make over and convey all

the trust funds." It would follow that did that event occur no trust would ever have arisen. That would be utterly inconsistent with the prior provisions of the will.

It is settled that, "if a reading of the whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed or devised by express or formal words, the court must supply the defect by implication and so mould the language of the testator as to carry into effect as far as possible the intention which it is of opinion that he has sufficiently declared. *Metcalf* v. *First Parish in Framingham,* 128 Mass. 370, 374. *Boston Safe Deposit & Trust Co.* v. *Coffin,* 152 Mass. 95, 100. *Sanger* v. *Bourke,* 209 Mass. 481, 486. *Lamb* v. *Jordan,* 233 Mass. 335, 340. [See also *Polsey* v. *Newton,* 199 Mass. 450, 453–454.] But if 'There is nothing in the will that makes it certain what the testator desired to do in the contingency that has arisen' the rule just referred to does not apply. *Bailey* v. *Bailey,* 236 Mass. 244, 247. *Child* v. *Child,* 185 Mass. 376, 378, 379. *Loring* v. *Dexter,* 256 Mass. 273, 278." *Fitts* v. *Powell,* 307 Mass. 449, 454. In the present case we are of opinion that the will read as a whole does make it certain what the testator intended, and that we may properly mould his language under the principles just stated to give effect to his intentions. We think that in the final provision for the disposition of the trust estate, where it is provided that "If at the time of my decease my mother shall not then be living," the word "wife's" was omitted after the first word "my" by inadvertent error, and that to effect the obvious intention of the testator the final provision referred to should be construed as if it read thus: "If at the time of my *wife's* decease my mother shall not then be living, then my trustees shall pay, make over and convey all the trust funds and estate to the persons who shall be my heirs at the time of my decease and in the same proportions that they would inherit if I should die intestate." Thus construed, the provision in question is made clear and intelligible and consistent with the intent of the testator derived from the will as a whole in the light of the circumstances attendant upon its execution.

The fact that provision was made in the will for certain benefits to be enjoyed by the wife of the testator during her lifetime did not prevent her from having a vested interest as one of the heirs at law of the testator in the remainder of the trust estate bequeathed and devised by him to his heirs to be determined as of the time of his death and as if he had died intestate. *Blume* v. *Kimball*, 222 Mass. 412, 414–415. *Ball* v. *Hopkins*, 254 Mass. 347, 349–350. *Gorey* v. *Guarente*, 303 Mass. 569, 576–577. *Commissioner of Corporations & Taxation* v. *Eaton*, 304 Mass. 260, 265.

Since the testator provided that upon the termination of the trust the trustee shall "pay, make over and convey all the trust funds and estate" to the persons described as then entitled thereto, the decree entered in the court below must be modified by providing that the real estate in question is vested in the persons and proportions therein set forth subject to conveyance thereof to them as provided in the will of the testator, Orville L. Story. As so modified the decree is affirmed.

*So ordered.*