RICHMOND *v.* BASS *et al.*

(Division A.   October 6, 1947.)

[32 So. (2d) 136.   No. 36514.]

Green & Green and **A. M. Nelson,** all of Jackson, for appellant.

**Stennett & Stennett**, of Jackson, for appellees.

Argued orally by **E. R. Holmes, Jr.**, for the appellant and by **E. W. Stennett**, for appellees.

**McGehee, J.**, delivered the opinion of the court.

This suit is brought by the appellant, I. G. Richmond, to quiet and confirm his title to a certain lot or parcel of land in the City of Jackson, which is described by metes and bounds in the bill of complaint herein. The lot was conveyed to the appellant by Kitty Lowe Smith, who is named as the purported beneficiary of said lot in the last will and testament of Lizzie Edwards, deceased, according to the agreed statement of facts contained in the record. It is admitted therein that the testatrix owned the lot of land in fee simple when making the will and at the time of her death.

The question presented for decision is whether or not the language of this holographic will is sufficient to clearly bequeath this particular lot of land to the said Kitty Lowe Smith.

The pertinent paragraph of the will pertaining to the disposition of the real estate is as follows:

"My home at 936 Harding St. Jackson Miss. I give to Emmie Lowe Wiley, and all interest I have in the house

Lowe Smith
and lot where Hazel / is living I give to her. If I still own the lot adjoining her lot I give to Kitty Lowe Smith
one to
the lots on Mitchell St. /   I give to Fayette Lowe and /
one
Bernie Lowe the lots I have in Oak Grove Subdivision I give to A. B. Lowe,   .   .   . ''  (Carets ours).

The agreed statement of facts further discloses that when the will was executed the testatrix lived at her home, 936 Harding Street, which she bequeathed to Emmis Lowe Wiley; and that she owned in fee simple the house and the lot mentioned in the will where Hazel Lowe Smith was living when the will was executed and at the death of the testatrix; that the testatrix still owned at the time of her death also the lot (the one here in controversy) adjoining the house and lot where Hazel Lowe Smith lived; that she owned two lots on Mitchell Street at the time of the execution of the will, but had disposed of them prior to her death; and that she owned some lots in the Oak Grove Subdivision at the time of making the will, but the agreed statement of facts fails to disclose whether or not she owned these last mentioned lots at the time of her death.

· It is further agreed that at the time of the execution of the will the testatrix was living separate and apart from her estranged husband, W. C. Edwards, to whom she bequeathed only her wedding ring. He was her sole heir at law, and died without having renounced the will. And it is contended by the appellees, who are the heirs at law of W. C. Edwards, that his wife, Lizzie Edwards, died inestate as to the lot adjoining the one where Hazel Lowe Smith lived. The trial court adopted this view and dismissed the appellant's bill of complaint.

We think it clear that the testatrix intended to bequeath her home at 936 Harding Street to Emmie Lowe Wiley; that she intended to bequeath the house and lot where Hazel Lowe Smith was then living to the said

Hazel Lowe Smith; that she intended to bequeath to Kitty Lowe Smith the lot here in controversy which joined the house and lot of the said Hazel Lowe Smith; that she intended to bequeath the two lots on Mitchell Street, one to Fayette Lowe and one to Bernie Lowe, but which she later disposed of; and that she intended to bequeath the lots in Oak Grove Subdivision to A. B. Lowe. In other words, we think that manifestly the testatrix intended the disposition of her real estate to be the same as if she had said: "My home at 936 Harding St., Jackson, Miss., I give to Emmie Lowe Wiley, and all interest I have in the house and lot where Hazel Lowe Smith is living I give to her (Hazel Lowe Smith). If I still own the lot adjoining her lot (Hazel Lowe Smith) I give (it) to Kitty Lowe Smith. The lots on Mitchell St. one I give to Fayette Lowe and one to Bernie Lowe. The lots I have in Oak Grove Subdivision I give to A. B. Lowe, . . ."

This construction would give to each of the beneficiaries named a share of the real estate mentioned.

Such a construction would give effect to each of the provisions of the will as to the intended disposition of the real estate in compliance with the rule announced in the cases of Cross v. O'Cavanagh, 198 Miss. 137, 21 So. (2d) 473; Bratton v. Graham, 146 Miss. 246, 111 So. 353; Joiner v. Joiner, 117 Miss. 507, 78 So. 369. It also complies with the rule which requires giving effect to the testator's intention, as ascertained from the language employed, even though it be necessary to disregard grammatical mistakes in writing, improper use of capital letters, mistakes in punctuation, and other grammatical inaccuracies. This course is authorized by the following authorities: 69 C. J. p. 85, p. 1143; Berry et al. v. Folkes et al., 60 Miss. 576; Lycan et al. v. Miller et al., 112 Mo. 548, 20 S. W. 36; Lewison v. Henry et al., 92 App. Div. 532, 87 N. Y. S. 325; Underhill, Laws of Wills, Vol. 1, Sec. 369, p. 509; In Gadina's Estate, 75 Cal. App. 776, 243 P. 454; Tolman et al. v. Reeve et al., 393 Ill. 272, 65 N. E. 2d 815.

Then too, a will should be so construed as to avoid partial intestacy, if by any reasonable construction this can be done. Vaiden et al. v. Hawkins et al., 59 Miss. 406; Ball v. Phelan et al., 94 Miss. 293, 49 So. 956, 23 L. R. A. (N.S.), 895; Hale v. Neilson, 112 Miss. 291, 72 So. 1011, approved in Whitaker v. Commercial National Bank & Trust Co., 179 Miss. 167, 174 So. 890.

The appellees argue that although the agreed statement of facts recites that this last will and testament "purported to devise said lot or parcel of land to Kittie Lowe Smith," the language is insufficient to make such devise, and that in view of the fact that the testatrix had acquired this lot from W. L. Wiley, a vendee of W. C. Edwards and the appellee, Mrs. Gertrude Edwards Bass, she intended to die intestate as to this lot alone so that it would go to her estranged husband at the time of her death. And they also argue that the testatrix intended that if she still owned the lot adjoining the house and lot where Hazel Lowe Smith lived on Harding Street at the time of her death, she wanted Kittie Lowe Smith, in that event, to have the two lots on Mitchell Street.

We are unable to adopt the two last mentioned theories. To do so would mean that the named beneficiaries, Fayette Lowe and Bernie Lowe, would get nothing, unless they were to get the lots in Oak Grove subdivision. Moreover, if they were to get the lots in the Oak Grove Subdivision, then nothing would be left to the beneficiary. A. B. Lowe, named in the will.

Therefore, under the rules of construction hertinbefore set forth, we are of the opinion that the trial court was in error in not quieting and confirming the title of the appellant and in dismissing his bill of complaint.

Reversed and judgment here for the appellant.