PAINE, et al. *v.* SANDERS, EXECUTRIX, et al.

No. 42042 December 4, 1961 135 So. 2d 188

394

*Sams and Sams,* Columbus, for appellants.

*John S. Therrell, Jr.,* Aberdeen, for appellees.

KYLE, J.

The appellants, Thomas F. Paine, Jr., George T. Paine and Mrs. Mary Paine Claiborne, nephews and niece of Paul A. Therrell, deceased, have prosecuted this appeal from a decree of the Chancery Court of Monroe County construing the last will and testament of the said Paul A. Therrell, deceased, and ordering a final distribution of the residue of the estate of the testator among the

remaining nephews and nieces of the said testator as residuary legatees under the will.

The record shows that the said Paul A. Therrell died on October 22, 1958, unmarried and childless, and that neither of his parents was living at the time of his death. His last will and testament, dated July 25, 1951, was admitted to probate in due course by a decree of the chancery court and letters testamentary were granted to Emily T. Sanders, as executrix of said will. The executrix collected the assets of the estate, paid the probated claims against the estate and all inheritance taxes and estate taxes due the State or the Federal Government, and filed her final account on September 28, 1960. The executrix also filed with her final account a petition asking that the account be approved and allowed, that process be issued for the interested parties; and that the court construe the will and determine the meaning thereof and by proper decree direct a final distribution of the estate among the persons entitled to share in the estate.

The last will and testament of the deceased, which was wholly written, dated and subscribed by the testator in his own handwriting, is in words and figures as follows:

"I Paul A Therrell with my indemble pencil declare last Will or testament — Each of Brothers & Sisters shall share $1.00 each — the Bal shall go to Neps & Neices that are not Bared in this all of T F Paine are Bared

/s/ Paul A Therrell

25th July 1951
Aberdeen Miss.
Emily Sanders to be Exiguters and to be duly paid for service without Bond
P A Therrell Paul A Therrell"

The petition filed by the executrix stated that a controversy had arisen as to the meaning of that part of

the will which reads as follows: "the Bal shall go to Nepes & Neices that are not Bared in this all of T F Paine are Bared." The petition further alleged, and the record shows, that the testator left surviving him ten nephews and nieces, as follows: Emily T. Sanders, only child of the testator's sister Mrs. Birdie T. Sanders and R. W. Sanders; Janie T. Hunter and John S. Therrell Jr., children of the testator's brother J. S. Therrell; Gaston Lamar Therrell, Jr., James Raleigh Therrell and Barbara L. Therrell, children of the testator's brother Gaston L. Therrell; Joseph E. Therrell, Jr., son of the testator's brother, Joseph E. Therrell; and Thomas F. Paine, Jr., George T. Paine and Mrs. Mary Alice Paine Claiborne, children of the testator's sister Mrs. Mary T. Paine and T. F. Paine, — all of whom were named as parties defendant in said petition. Thomas F. Paine, Jr., George T. Paine and Mrs. Mary Alice Paine Claiborne, children of the testator's sister Mrs. Mary T. Paine and T. F. Paine, appeared and filed an answer and cross petition in which they alleged that, under the provisions of the will, each of them was vested with title to an undivided 1/10th interest in the residue of said estate; that the clause in the will, "the Bal shall go to Nepes & Neices", vested in each of them an interest in said estate along with the rest of the nieces and nephews; and that the next succeeding qualifying clause "that are not bared in this all of T F Paine are bared", was a nullity.

The case was heard upon the pleadings, process and an agreed statement of facts, and at the conclusion of the hearing, the chancellor found and adjudged that by the terms of the will the testator intended to devise and bequeath the balance of his estate to his nephews and nieces except those that were barred, and that it was clear from the language used that what the testator meant was to bar the children of T. F. Paine from taking under the will. The chancellor found and adjudged that

a proper construction of the will was that the nephews and nieces who were barred were the children of T. F. Paine, and that the estate should go to the testator's nephews and nieces who were not descendants of T. F. Paine. A decree was therefore entered approving the executrix' final account and ordering a distribution of the estate in accordance with the opinion rendered.

The appellants' attorneys have assigned and argued three main points as grounds for reversal of the decree of the lower court: (1) That the court erred in holding that the appellants were not entitled to take under their uncle's will and share in the distribution of his estate; (2) that the court erred in holding that the expression contained in the will, "that are not Bared in this all of T. F. Paine are Bared", had any significance; and (3) that the court erred in supplying the words "the children of" so as to make said clause read "that are not barred in this all of the children of T. F. Paine are barred." It is argued: (1) That the determination of the testator's intention is governed, not by what the testator wished to say, but by what he did say; (2) that, when the court cannot determine from the instrument the intention of the testator, it will not attempt by conjecture to determine said intention nor supply words which would make, change or enlarge the will; and (3) that, when an estate is given in one part of the will in clear and decisive terms, it cannot be taken away or cut down by any subsequent words that are not as clear and decisive as the words creating the estate.

 We think there was no error in the chancellor's finding that by the terms of the will the testator devised and bequeathed the balance of his estate to his nephews and nieces except those who were barred by the terms of the will; and that there was no error in the chancellor's conclusion of law that the nephews and nieces who were barred by the terms of the will were the children of T. F. Paine. There is no merit in the appellant's con-

tention that the words, "* * * that are not Bared in this all of T F Paine are Bared", as they appear in the will, are a nullity and of no legal effect.

As stated by the textwriter in 57 Am. Jur., p. 723, Wills, Sec. 1129, "In the construction of a will, effect should, if possible, be given to all words, clauses and provisions of the instrument, if they are not inconsistent with each other or with the general intent of the whole will when taken as an entirety, and unless the court is satisfied that no special effect was intended to be given a particular word or phrase. It is presumed that every word is intended by the testator to have some meaning; and no word or clause in the will is to be rejected to which a reasonable effect can be given."

By supplying the word "children" after the words "T. F. Paine", which we think is clearly implied, the specific intent of the testator becomes readily apparent; every word is given a definite meaning and each provision is brought into harmony with the other. That it is the duty of the courts, under established canons of construction, to supply such words, which are clearly implied, we have no doubt.

Words omitted from a will may, in some circumstances, be supplied by the court whenever it is necessary to effectuate the testator's intention as expressed in the will. 95 C. J. S. 810, Wills, Sec. 609, and cases cited; Richmond v. Bass, 202 Miss. 386, 32 So. 2d 136; Henderson v. Stanley (Tex. Civ. App. 1941), 150 S. W. 2d 152; Union Trust Co. v. Madigan (1931), 183 Ark. 158, 35 S. W. 2d 351; Hendrick v. Mitchell (1946), 320 Mass. 155, 69 N. E. 2d 466; Cross v. Manning (1947), 211 Ark. 803, 202 S. W. 2d 584.

Where the testator's intention appears clearly from the will taken as a whole, this intention cannot be defeated because the testator's intention is expressed in ungrammatical language, or because his intention is

expressed in inaccurate and incorrect language. Paige on Wills, Lifetime Edition, Vol. 2, p. 888, Ch. 22, Sec. 936.

In Davenport v. Collins, 96 Miss. 716, 718, 51 So. 449, the Court said: "* * * any mere indistinctness in its phraseology, or awkwardness of expression, in the mere words used in the will, must be so dealt with, if reasonably possible, as to effectuate, and not overthrow the dominant intent of the testator." In Cross v. O'Cavanagh, et al., 198 Miss. 137, 21 So. 2d 473, the Court said: "In interpreting the intention of the testatrix, we must consider the entire instrument and construe each part with relation to the language used in other parts. Further, all provisions should be held to be valid if that can be reasonably done. Bratton et al. v. Graham et al., 146 Miss. 246, 111 So. 353. And all provisions must be considered, and, if possible, given effect, Joiner v. Joiner, 117 Miss. 507, 78 So. 369."

██ ██ In the early case of Covenhoven v. Shuler, 2 Paige Ch. 122, 21 Am. Dec. 73, the Court held that the intention of a testator must be ascertained from the whole will taken together; and that no part of the will is to be rejected which can be given an operation consistent with the testator's general intent. In its opinion written by Chancellor Walworth, the Court said: "The great and leading principle in the construction of wills is, that the intention of the testator, if not inconsistent with the rules of law, shall govern; and that intent must be ascertained from the whole will taken together; and no part thereof to which meaning and operation can be given, consistent with the general intention of the testator, shall be rejected. ██ ██ Where the words of one part of a will are capable of a two-fold construction, that should be adopted which is most consistent with the intention of the testator, as ascertained by other provisions in the will. ██ ██ And where the intention of the testator is incorrectly expressed, the court will effectuate it by

supplying the proper words. The strict grammatical sense is not always regarded; but the words of the will may be transposed to make a limitation sensible, or to carry into effect the general intent of the testator: 11 Ves. 148; 1 Paige, 343. In Jesson v. Wright, 2 Bligh, 56, Lord Redesdale says: 'It can not at this day be argued, because the testator uses in one part of his will words having a clear meaning in law, and in another part other words inconsistent with the former, that the first words are to be canceled or overthrown.' ''

All rules of construction in the law of wills are designed to give effect to the intention of the testator and that intention is to be collected from the whole will — ''the whole frame of the will; the whole scheme of the testator manifested by the will, taking into consideration and giving due weight to every word in the will; and, when once the actual intent of the testator at the time of the making of the will has been in this way ascertained, all minor, subordinate and technical rules of construction must yield to this paramount intent thus ascertained.'' Ball v. Phelan, 94 Miss. 293, 49 So. 956, 958, 23 L. R. A. (N. S.) 895.

 ██ It can be readily seen that the will in this case was written by one who was unlearned in the law; and the writer paid little attention to punctuation, spelling, construction, or the rules of grammar. But no part of the instrument should be rejected for that reason, if what the testator has said leaves no doubt in the minds of persons of ordinary experience and intelligence as to what he meant. The intention of the testator is not to be defeated merely because apt legal words were not used and the language is ungrammatical and clumsy, or because words which are clearly implied have been inadvertently omitted.

Finally, the appellants' attorneys say, ''It may be true that the testator intended to exclude the children of T. F. Paine. However, he could have intended to ex-

clude the nephews and nieces of T. F. Paine.'' But that argument is not persuasive for the reason that it clearly appears from the will itself that the reference to the nephews and nieces who were barred was a reference to the testator's own nephews and nieces, and not the nephews and nieces of T. F. Paine.

We find no error in the record, and the decree of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Gillespie, McElroy* and *Jones, JJ.,* concur.