SMITH, Justice:
This is an appeal by Edwin E. Richardson from a decree of the Chancery Court of Prentiss County construing the last will and testament of Lucille Gardner, Deceased.
Lucille Gardner died January 14, 1964, and her holographic will was duly admitted to probate. The will is informally and in-artificially drawn. The handwriting and composition reflect that testatrix suffered from the infirmities of age.
It is impossible to reproduce this holograph in ordinary print so as to depict with exactitude the arrangement of its provisions as they actually appeared upon the the page and a photocopy is appended.
The heirs-at-law of testatrix here were her two sisters, Mrs. Bramlitt Harper and Mrs. Warrene Weeks, a niece, Mildred Dungan, daughter of a deceased brother, and appellant, Edwin E. Richardson, son of a deceased sister.
The case was heard upon the petition for construction of the will, filed by appellant, Edwin E. Richardson, who charged that it was the intention of the testatrix to bequeath the proceeds of the sale of the “home place” and the “money after expenses” to her heirs-at-law equally. It was contended in the answer that these items were bequeathed to the two • sisters alone. No extrinsic evidence was introduced by' either of the contending parties.
The chancellor correctly stated that the question before the Court was the determination of the intent of the testatrix, and that this was to be drawn from the will as a whole. It was the chancellor’s opinion that it was the intention of the testatrix, considering the whole will, that the proceeds from the sale of the home place, as well as any money left after expenses, should go to her two sisters to the exclusion of the niece and nephew. The will contains two dispositive clauses. The first, “I give” is followed by the disposition of the substantial items of estate. The testatrix said, “I give my bonds to be divided equally between my sisters, Mrs. Bramlitt Harper and Mrs. Warrene Weeks: Sum of $3500. The home place to be sold, proceeds divided equally. If any money on hand after ex-pens (iv)es divided.”
The chancellor concluded that this language embraced a complete and connected disposition by the testatrix of the several items mentioned. It was his opinion that the next, and last, dispositive clause introduced a “new thought” and referred to bequests of specific items of furniture and personal articles and did not impinge upon or affect the bequests which had preceded it He points out that several other persons, in addition to appellant, Edwin E. Richardson, and the niece Mildred Dungan, are named as legatees of items disposed of in this part of the will and considered that the inclusion of appellant and Mildred Dungan here did not indicate an intention on the part of testatrix to include them as beneficiaries of the proceeds from the sale of the home place or of the money after expenses.
It is argued alternatively, however, that the language disposing of the proceeds of the sale of the home place and of the money after expenses, names no beneficiaries and that consequently as to these items the tes *694 tatrix died intestate with the effect that the appellant and Mildred Dungan are entitled to share as heirs-at-law.
In Richmond v. Bass, 202 Miss. 386, 32 So.2d 136 (1947), this Court held:
“Then too, a will should be so construed as to avoid partial intestacy, if by any reasonable construction this can be done. Vaiden et al. v. Hawkins et al., 59 Miss. 406; Ball v. Phelan et al., 94 Miss. 293, 49 So. 956, 23 L.R.A.,N.S., 895; Hale v. Neilson, 112 Miss. 291, 72 So. 1011, approved in Whitaker v. Commerical National Bank & Trust Co., 179 Miss. 167, 174 So. 890.” 202 Miss. at 392, 32 So.2d at 137.
But while there is a presumption-against intestacy, in this case, it is not necessary to resort to it. It is clear from the will itself that the' testatrix did not intend to die intestate as to these items but intend-, ed to leave to her two sisters the proceeds from the sale of the home place and the money after expenses. Testatrix first bequeathed her bonds to be “divided equally between my sisters” naming them and giving the amount. She then directs that the home place be sold and the proceeds “divided equally.” The words “divided equally” clearly imply the words “between them.” The same applies to the succeeding use of the word “divided” in reference to the money after expenses and here again the words “between them” are obviously implied.
In Paine v. Sanders, 242 Miss. 392, 135 So.2d 188 (1961), this Court found it necessary, in order to give effect to the intention of the testator, to supply words which were clearly implied. The Court said:
“By supplying the word ‘children’ after the words ‘T. F. Paine’, which we think is clearly implied, the specific intent of the testator becomes readily apparent; every word is given a definite meaning and each provision is brought into harmony with the other. That it is the duty of the courts, under established canons of construction, to supply such words, which are clearly implied, we have no doubt.
“Words omitted from a will may, in some circumstances, be supplied by the court whenever it is necessary to effectuate the testator’s intention as expressed in-the will. 95 C.J.S. Wills § 609, p. 810,. and cases cited; Richmond v. Bass, 202 Miss. 386, 32 So.2d 136; Henderson v. Stanley (Tex.Civ.App.1941), 150 S.W.2d 152; Union Trust Co. v. Madigan (1931), 183 Ark. 158, 35 S.W.2d 349, 351; Hendrick v. Mitchell (1946), 320 Mass. 155, 69 N.E.2d 466; Cross v. Manning (1947), 211 Ark. 803, 202 S.W.2d 584.” 242 Miss. at 399, 135 So.2d at 191.
In Richmond v. Bass, supra, the Court had before it the construction of a holographic will which was in much the same condition as that in the present case. The Court supplied words necessarily implied and essential to give effect" to the devise of the will. The Court said:
“ * * * It also complies with the rule which requires giving effect to the testator’s intention, as ascertained from the language employed, even though it be necessary to disregard grammatical mistakes in writing, improper use of capital letters, mistakes in punctuation, and other grammatical inaccuracies. * * * (citing authorities). 202 Miss. at 391, 32 So.2d at 137.
The chancellor correctly construed the-will to bequeath to Mrs. Bramlitt Harper aiid Mrs. Warrene Weeks the proceeds, from the sale of the home place and the-money after expenses, as well as the bonds, to the exclusion of the niece and nephew..
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and BRADY, JJ., concur.
*695 APPENDIX