UNION TRUST COMPANY v. MADIGAN.

Opinion delivered February 9, 1931.

160

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Lee Miles* and *Donham & Fulk,* for appellee.

BUTLER, J. Mrs. Theresa O. Donohue died testate in 1909, leaving surviving as her only descendants Edward Donohue, a son now forty-eight years old, Annie L. Kleine, a daughter who died at the age of fifty-two in the year 1928, intestate, and two grandchildren, Lennon Sminck and his sister, Mrs. Bernadine S. Madigan, appellee here. Mrs. Kleine left one child surviving who is now Mrs. Maie K. Ayres. Mrs. Donohue left a considerable estate disposed of under the terms of a will, which, omitting formal parts, is as follows:

"1. I desire that all my just debts and funeral expenses, including the sum of $100, which I hereby give and bequeath to Father Enright for saying Mass for the repose of my soul, be paid out of any estate which I may die seized and possessed.

"2. I devise and bequeath to my sisters, Katie Lennon of Kingston County, Dublin, Ireland, and Elizabeth Lennon of London, England, each, the sum of $100, to be paid to them by my executor hereinafter appointed.

"3. I devise and bequeath to Mother Superior Antoine of the Convent of the Sisters of Mercy, of Little Rock, Arkansas, the sum of $200. I further devise and bequeath to my daughter, Annie E. Kleine of the city of Little Rock, the sum of $1,000; to my grandson Lennon Sminck, the sum of $1,000; and to my granddaughter Bernadine Sminck the sum of $1,000; for the last three bequests of $1,000 each, I desire that my executor assign certificate of deposits held by me, in payment of same.

"4. I devise and bequeath to my daughter, Annie L. Kleine: The east 47 feet of lot 7, block 84 in the city of Little Rock, Arkansas, being on the northwest corner of 5th and Louisiana streets, in said city. I also devise and bequeath to my said daughter, Annie L. Kleine, the home in which I now live, being lot 9, and the north half of lot 8, block 196, in the city of Little Rock, Arkansas, conditioned, however, that this bequest of my home to my said daughter is that my son, Edward Donohue, shall have one room in the house on said premises for his home as long as he shall live, conditioned further that the bequest to Annie L. Kleine, as mentioned in this item is that the said Annie L. Kleine shall pay the improvement tax as is now levied or that may be levied for the improvement of Louisiana Street upon all of lot 7, block 84, Little Rock, Arkansas, also the improvement tax for the pavement of Center Street upon all of lots 7, 8, 9, 10, block 196, Little Rock, Arkansas.

"5. I devise and bequeath to my grandson, Lennon Sminck, lot 7 and the south half of lot 8, block 196, Little Rock, Arkansas, and devise and bequeath to my granddaughter, Bernadine Sminck, lot 10, block 196, Little Rock, Arkansas. The said Lennon Sminck and the said Bernadine Sminck each to hold the said property bequeathed to them in this item, for and during their natural lives, that they use and enjoy the income from said property during their life, but not to dispose of or incumber same, and should either die without issue, then the same to go to the survivor, but at their death, if they should have issue, they and each of them, may devise and bequeath as they think advisable.

"6. I give to my grandson, Lennon Sminck, and to my granddaughter, Bernadine Sminck, to be held by them in common during their natural lives, the west 50 feet of the east 90 feet of lot 7, block 84, Little Rock, Arkansas, being the 50 feet immediately west of the property bequeathed to my daughter, Annie L. Kleine, it is my desire, and a part of this gift, that they use and enjoy the in-

162

come of said property during their life, but not to dispose of or incumber the same, except that they may incumber same only for the purposes of building thereon or improving the buildings there now on, and, should either die without issue, then to go to the survivor, but at their death, if they should have issue, they may devise and bequeath as they may think advisable.

"7. I devise and bequeath to my grandson, Lennon Sminck, and to my granddaughter Bernadine Sminck, lots 4, 5, 6, block 195, Little Rock, Arkansas, also lots 3, 4, block 91, Little Rock, Arkansas, to be held by them in common, and, should either die without issue, then the same to go to the survivor.

"8. I devise and bequeath to Annie L. Kleine as trustee, for my son Edward Donohue, to be held by her as trustee, during his natural life, the west 56½ feet of lot 7, block 84, Little Rock, Arkansas, being all of said lot not hereinbefore bequeathed, the said trustee to collect the income from said property using the proceeds for the benefit of the said Edward Donohue, during his natural life, and at his death, the said trusteeship shall cease and the said property shall descend to my grandchildren, Mary Kleine, Lennon Sminck and Bernadine Sminck.

"9. I devise and bequeath to my daughter, Annie L. Kleine, to be held by her, one-half for herself and one-half as trustee for Edward Donohue, my two lots on Broadway Street, being lots 3, 4, block 196, Little Rock, Arkansas, the said one-half interest bequeathed to her as trustee for Edward Donohue and the income from said one-half interest to be used by her for the benefit of said Edward Donohue, and at the death of the said Edward Donohue his interest in said property shall descend and become the property of said Annie L. Kleine.

"10. I hereby constitute and appoint my daughter, Annie L. Kleine, the executor of this my last will and testament and request the probate court to appoint her as such, and that she be allowed to serve without giving

bond. At this time I owe no debts, and I ask my said daughter, Annie L. Kleine,.to render such service as she can in carrying out the provisions of this my last will and testament.''

I. This litigation is for the specific performance of a contract for the sale and purchase of the property mentioned in paragraph No. 6 of the above will, and involves its construction. The appellee, plaintiff in the court below, insists that she and her brother, Lennon Sminck, who has conveyed to her his interest by warranty deed, took an estate in fee simple by the terms of the will, while the appellant contends that the estate devised amounted only to a life estate, with a contingent remainder in the heirs of the testator as should then be in being, at the termination of the particular estate.

The paramount principle in the construction of wills is that the general intention of the testator, if not in contravention of public policy or some rule of law, shall govern. The rules by which such intent may be discovered are stated in a general way in *Covenhoven* v. *Shuler,* 2 Paige, Ch. 130, 21 Am. Dec. 73, quoted with approval in the case of *Cox* v. *Britt,* 22 Ark. 570. ''That intent must be ascertained from the whole will taken together; and no part thereof to which meaning and operation can be given, consistent with the general intention of the testator, shall be rejected. Where the words of one part of a will are capable of a two-fold construction, that should be adopted which is most consistent with the intention of the testator, as ascertained by other provisions in the will. And where the intention of the testator is incorrectly expressed, the court will effectuate it by supplying the proper words.''

Where the language used by the testator is doubtful in its meaning, rules of construction are invoked to enable the courts to arrive at the intention, and, in case of ambiguous provisions, certain presumptions must be indulged.

(1) It may be said, first, that the intention of the testator to dispose of his entire estate will be presumed, unless the language of the will shows to the contrary. *Gregory* v. *Welch,* 90 Ark. 152, 118 S. W. 404; *Booe* v. *Vinson,* 104 Ark. 495, 149 S. W. 524; *Barlow* v. *Cain,* 146 Ark. 160, 225 S. W. 228; *Pletner* v. *So. Lumber Co.,* 173 Ark. 277, 292 S. W. 370; *Lockhart* v. *Lyons,* 174 Ark. 703, 297 S. W. 1018. This presumption, though not controlling, must always be taken into account when the language employed is so ambiguous as to require construction. *Brock* v. *Turner,* 147 Ark. 421, 227 S. W. 597.

It is also a well-settled rule of construction that wills are liberally construed, and every legitimate conclusion is indulged in order to reach a just and equitable result. Words and sentences are to be considered and construed so as to reach the real purpose and intention of the testator. *Cockrill* v. *Armstrong,* 31 Ark. 580. The law favors the early vesting of estates (*Gregory* v. *Welsh, supra; Horrocks* v. *Basham,* 139 Ark. 116, 213 S. W. 372), and in cases of doubt the construction should be in favor of the first taker because it is against the policy of the law to tie up property, and also he is presumed to be the favorite of the testator. 28 R. C. L. (Wills) 191.

Courts, in arriving at the true meaning and intent of the testator, incline against any construction of the will which would double portions to the partial exclusion of others equally meritorious. 28 R. C. L. Wills, § 195; *Johnson* v. *McDowell,* 154 Iowa 38, 134 N. W. 419, 38 L. R. A. (N. S.) 589.

(2) In construing wills, the general rule is that a gift for life without a limitation over passes a fee in real estate and an absolute interest in personalty, even though words denoting a life estate was intended were used. However, a clear gift to one for life, without a limitation over, is held not enlarged to a fee by such omission, unless a declared purpose is shown to dispose of all the testator's estate by will instead of creating an intestacy as to the remainder. Thompson on Construction of Wills,

§ 428, p. 551, *Byrne* v. *Weller,* 61 Ark. 366, 33 S. W. 421. In Schouler on Wills, vol. 2, p. 1015, the reason for the rule is thus stated: ''Where the construction of a will is doubtful, the law leans in favor of the primary rather than the secondary intent and in favor of the first rather than the second taker as the principal object of the testator's bounty, as the first taker in a will is presumed to be the favorite of the testator, and the will should be so construed as to make his gift effective if possible, and the presumption may be relied on to support the claim that a gift is absolute rather than a life estate where there is no gift over. However the inclination to give to the first donee an estate of inheritance will yield to a clearly expressed intention to the contrary.''

The will under consideration in *Byrne* v. *Weller, supra,* made provision that, after the payment of the testator's funeral expenses, etc., he gave and bequeathed to his wife his entire property and effects of every character and kind, both real and personal, during her natural life, to use and enjoy the rents and profits arising therefrom. In the following paragraph the testator provided that certain parcels of land should at the death of his wife be by her given to such of the living children of a brother and sister as the wife in the exercise of her judgment might deem best, and as to another parcel provided that, after the death of the wife, it should descend jointly to certain named beneficiaries, and, in the event that the beneficiaries named should die before the wife, that she should dispose of that parcel in the same manner as the first. In the fifth and last clause the remainder of the testator's goods, chattels and effects of every character and kind, both real and personal, were disposed of as follows: ''I will and bequeath to my beloved wife, Julia A. Maddox, to dispose of as she may choose and desire at her death.'' Except as to the particular parcels of land mentioned in the specific devises, the court held that the wife took an estate in fee simple.

In *Hysmith* v. *Patton,* 72 Ark. 296, 80 S. W. 151, the language of the first item of the will construed in that case was as follows: "I hereby will and devise to my beloved wife, Jane, forty acres of land, the homestead upon which I now reside * * *, in Woodruff County, Arkansas; also, all of my personal property I may have at my death, and to hold the same in her own right during her natural life or widowhood," etc. The construction placed on this language was that the widow took a fee in the homestead devised and not a life estate.

II. It will be seen that the particular paragraph to be construed in this case is a single involved and ambiguous sentence in which the purpose of the testator is not plainly discernible, and therefore, in order to discover her intention, the aforesaid rules of construction must be invoked. Taking the whole will together, it is apparent that all those are remembered who have any claim upon her affection or who were the objects of her care; the personal property is disposed of by specific bequests, and there is an evident attempt to make a just and equitable division of the remainder of the estate between and among her descendants. Considering these circumstances and that the intention to dispose of the entire estate will be presumed unless the language of the will shows to the contrary, and remembering that the testator did not insert a residuary clause, her intention becomes obvious, and, as is said in *Hayward* v. *Rowe,* (Mass. 1905), 76 N. E. 286, cited by appellee: "There being no residuary clause, an inference cannot be safely drawn that the (testator's) intention was otherwise than to make a full testamentary disposition of her property."

It will next be observed that nowhere in the will is there any language indicative of an intent to reserve the fee in the property devised in paragraphs No. 5 and No. 6 which shall revert to the donor's estate. No remainder is suggested or its disposition provided for, and if, indeed, a particular estate for life had been given by "certain and express words," yet, as the testator was

attempting to dispose of all her property by will, the particular estate and the remainder would merge into the fee in the first taker when it appears there was no gift over to another.

However, from a careful analysis and fair construction of the language of paragraph No. 6, it is clear that no life estate only is created by certain and express words, but rather the implication is that no such intent was in the mind of the testator. There was no express devise to the donees of an estate for life. The expression is, "I give to my grandson, Lennon Sminck, and to my granddaughter, Bernadine Sminck, to be held by them in common during their natural lives," which is quite a different statement to one limiting by express words the nature of the estate. It is one which prescribes not the character or extent of the estate conveyed, but the manner in which it should be held. That the estate conveyed was for life only is negatived by the right of survivorship contained in the expression: "Should either die without issue, then to go to the survivor"; for under this provision, if either died, the estate of the other would be enlarged so as to become the owner of the entire estate in fee.

Something more than a mere life estate is also implied by the power given of disposition by devise in the manner deemed advisable by the devisees. This power could arise only in the event that the devisees should die without issue, so that, had issue been born to them or to either of them, there would be no power to devise, and, the condition for the power being the failure of issue, it must have been in the mind of the testator that the fee passed to the devisees, which, in the natural course of events, would descend to their children. If the construction is as contended for by the appellant—that a life estate only was devised—then the issue surviving would be deprived of a material portion of the estate, while that of others no more meritorious than these would be augmented. This is a construction to which courts are not inclined,

and which would do violence to the rule that wills should be construed liberally and every legitimate inference of the testator's intent be indulged, so that a just and equitable result might follow.

There are certain expressions used by the testator which it is suggested support the construction that a life estate only was intended, namely, the expressions of the desire that the devisees use and enjoy the income of the property during their lives, but not to dispose of or incumber the same except for certain purposes. These statements express no wish as to what they shall have or what disposition they may make or not make with respect to others, but merely as to how they should use what had already been given them—a desire that the property should be used with that frugal care which doubtless the testator herself had exercised. This language, considered in connection with that which goes before and that which follows, is but the expression of a hope and does not amount to an affirmative command which the devisees are bound to obey. *Fullenwider* v. *Watson,* 113 Ind. 18, 49 A. L. R. 5 and note; *Ib.* 22 and note; *Wallace* v. *Wallace,* 179 Ark. 30, 13 S. W. (2d) 810.

It is unnecessary to consider the evidence relating to the mental capacity of Edward Donohue for his deed could add nothing to the strength of Mrs. Madigan's title. She obtained the fee by virtue of the devise, and since her co-tenant has conveyed to her his interest, she is the owner of the entire estate and the deed offered by her conveys a good title which the appellant is bound to accept.

The decree of the chancery court is correct, and it is therefore affirmed.

KIRBY, J., dissents.