NOLEN v. PERRY.

4-6359                                          150 S. W. 2d 751

Opinion delivered May 12, 1941.

*Lyman L. Mikel* and *George W. Dodd,* for appellant.

*Hardin & Barton,* for appellee.

McHANEY, J.   Appellants claim title to lots 17, 18, 19 and 20 of Boone's Subdivision to Fort Smith as heirs

at law of J. P. Nolen who died testate in Sebastian county sometime in 1917, his will being filed for probate February 21, 1917. Said will, in the first paragraph, after providing for the payment of his debts, states: "I dispose of my *entire* estate as follows." In the second paragraph he gives to each of three sons named and to a granddaughter by a deceased son $1 each. The third paragraph of said will reads as follows: "To my beloved wife, Amanda Nolen, I give for and during her natural life, the real estate on which I now live and all the improvements thereon, described as lots numbered 17, 18, 19 and 20 of Boone's Subdivision of south half of the northeast quarter of the southeast quarter of section 2, township 8 north, range 32 west, Sebastian county, Arkansas. At her death I give and bequeath to my grandson, Eugene Nolen, son of King Nolen, an undivided one-half of said land, last described, in fee simple forever; my said wife is to "have the use and absolute control and possession of all of said land as long as she lives, with full power to sell, mortgage or otherwise dispose of an undivided one-half interest in said land or dispose of said one-half interest by will, in either or any instance, whether she sells or disposes of same by will her deed or will shall convey the fee simple title to said one-half. All the residue of my estate, real, personal or mixed wheresoever situate I give and bequeath to my beloved wife, Amanda Nolen. I name Arkansas Valley Trust Company of Fort Smith, Ark., executor of this will."

Amanda Nolen, widow of J. P. Nolen, and principal beneficiary under his will as aforesaid, continued to live on said property, and later married W. H. Perry. On September 28, 1929, Eugene Nolen, devisee under the will of his grandfather, J. P. Nolen, conveyed by warranty deed his undivided one-half interest in said property to W. H. and Amanda Perry as tenants by the entirety, and the title to this one-half interest is not in dispute. Thereafter Amanda Perry died intestate leaving adult children by a husband other than Nolen or Perry, and on October 19, 1936, these children and heirs

at law of Amanda conveyed all their interest in said lands to W. H. Perry and appellee, Paralee Perry. Thereafter W. H. Perry died testate, leaving all his property to appellee.

Appellee brought this action to quiet and confirm her title as against all appellants. They defended below on the ground that, by the will of J. P. Nolen, Amanda took a life estate in all of said lands and that Eugene Nolen took a remainder in fee in half of it, and as to the fee in the other half J. P. Nolen died intestate. Appellee contended below that Amanda took a life estate in all of it and Eugene took a remainder estate in half of it, and that Amanda, in addition to her life estate in all of it took a fee simple title to half of it, and that, therefore, J. P. Nolen did not die intestate as to any part of it. The trial court agreed with appellee, entered a decree accordingly, and this appeal followed, where the same contentions made below are now urged upon us.

We agree with the trial court and appellee. J. P. Nolen did not die intestate as to any of his property. He began his will by stating his purpose to dispose of his entire estate. After making the specific devises in article 3, above quoted, which, standing alone, might have conveyed only a life estate in said property with power of disposition during her life by deed or will in one-half of it, the testator provided: "All the residue of my estate, real, personal or mixed wheresoever situate I give and bequeath to my beloved wife, Amanda Nolen." Therefore, conceding without deciding, that, had that residuary clause been omitted, Amanda would have taken only a life estate in all the property, with power to dispose of half of it, and not having disposed of said one-half by deed or will it reverted, as held in such cases as *Little Rock* v. *Lenon,* 186 Ark. 460, 54 S. W. 2d 287, and *Piles* v. *Cline,* 197 Ark. 857, 125 S. W. 2d 129. This residuary clause was not omitted and by it Amanda took all property not otherwise disposed of by the will.

As has many times been said, it is the duty of the court to ascertain, from a consideration of all the language used in the will, the intention of the testator and

to give effect to that intention, unless contrary to some rule of law or public policy. *Sheltering Arms Hospital* v. *Shineberger,* 201 Ark. 780, 146 S. W. 2d 921. Another rule, equally well settled, is that wills should be so construed as to avoid partial intestacy, unless the language used compels a different construction. *Union Trust Co.* v. *Madigan,* 183 Ark. 158, 35 S. W. 2d 349; *Pletner* v. *Southern Lbr. Co.,* 173 Ark. 277, 292 S. W. 370. When we give effect to these well known rules, we are forced to the conclusion that the testator, J. P. Nolen, intended to and did devise to his wife, Amanda, not only a life estate in all said lands, but the fee in one-half thereof.

The decree of the trial court so held, and it must be affirmed. It is so ordered.