CROSS *v.* MANNING.

4-8221                           202 S. W. 2d 584

Opinion delivered June 2, 1947.

804

*Terrell Marshall,* for appellant.

*Rose, Dobyns, Meek & House,* for appellee.

Ed F. McFaddin, Justice.  Mr. Sam V. Bracy, Sr., executed his last will and testament on August 26, 1942. He departed this life on August 7, 1946, and his will was admitted to probate on August 27, 1946. Various interested parties filed this suit on January 11, 1947, seeking a construction of paragraph 11 of the will. All persons who could possibly take under any construction of the will were joined either as plaintiffs or defendants. The prayer of the complaint was:

"(a)  That paragraph eleven of the will of Sam V. Bracy, Sr. be construed by this court; (b) that if it be found that a valid trust was created by said will, said trust be terminated, the property be sold, and the proceeds of sale be divided among the beneficiaries of the trust in proportion to their respective interests as determined by the court; (c) that if it be found that a

valid trust was not created by the said will, title to said property be quieted in the owners thereof as determined by the court; (d) for all other relief to which the parties hereto may be entitled.''

After hearing the evidence, the chancery court found that paragraph 11 was ''void as violating the rule against perpetuities''; and entered a decree reading:

''That paragraph eleven of the will of Sam V. Bracy, Sr., deceased, be and it is hereby declared to be void and of no effect. It is further ordered that the title to the above-described property be and it is hereby quieted in the heirs at law of Sam V. Bracy, Sr., as follows: An undivided one-third interest in Sam V. Bracy, Jr., an undivided one-third interest in Mary Bracy Manning, an undivided one-sixth interest in Alfred M. Bracy, and an undivided one-sixth interest in Nancy Bracy.''

Appellants are parties who would take under paragraph 11 if it be valid either as a trust or as a fee simple devise. Appellees are those four heirs at law to whom the chancery court awarded the property. The will of Mr. Bracy (evidently prepared by himself without the aid of legal counsel) contains 16 numbered paragraphs. Paragraph 1 directs payment of debts; paragraph 2 appoints executors; paragraphs 3-10, inclusive, and 13, 14 and 16 make various bequests and devises to (a) his son, Sam V. Bracy, Jr., (b) his daughter, Mary Bracy Manning, and (c) his two grandchildren, Nancy Bracy and Alfred M. Bracy, II (who are the children of testator's deceased son, Alfred M. Bracy, I). There is no residuary clause in the will.

Paragraphs 3 and 14 each use this language in making the disposition: ''It is my desire that . . .'' (name of beneficiary) ''. . . inherit . . .'' Most of the other paragraphs use this language: ''I direct that . . .'' (name of beneficiary) ''. . . inherit . . .''. We mention this to show that the language ''it is my desire that ——— (beneficiary) inherit'' is used in the will to constitute a devise; but the use of the word ''de-

sire" without the word "inherit" does not appear as intended to constitute a devise.

Paragraph 11 of the will—which is the one here involved—reads:

"Eleventh, Now it is my desire that my own parental family and descendants inherit the 'White Oaks Home', twenty acres, my nieces and nephews and their children, the same to be used for reunion purposes or at times rental property. I desire that this property be kept in good condition and beautified with trees and flowers. I further desire that my nieces as listed below act as committee in charge of same.

"Gladys Cross, Chairman, and title in her name as trustee,

"Mrs. Helen Cockrill

"Miss Carolyn Baird

"The executive committee will cooperate with them."

Appellees urge here—as they did in the chancery court—that this paragraph was an attempt to create a trust for the benefit of all the "parental family" of the testator (we shall subsequently notice the expression "parental family"), and that the attempted trust violates the rule against perpetuities; and therefore (they say) the entire paragraph is void and the 20 acres referred to in that paragraph descend to the appellees as the heirs at law, since there was no residuary clause; and they cite, *inter alia, Bernstein* v. *Bramble*, 81 Ark. 480, 99 S. W. 682, 8 L. R. A., N. S. 1028, 11 Ann. Cas. 343; *Combs* v. *Combs*, 172 Ark. 1073, 291 S. W. 818; *First National Bank* v. *Marre*, 183 Ark. 699, 38 S. W. 2d 14; *Cockrill* v. *Armstrong*, 31 Ark. 580; *Thomason* v. *Phillips*, 192 Ark. 107, 90 S. W. 2d 228; *Moody* v. *Walker*, 3 Ark. 147; American Law Institute's Restatement of the Law of Trusts, §§ 24 and 32; Prof. Gray's work, "The Rule Against Perpetuities," Fourth Ed., §§ 629, 202, 246, 214, 215, 373, 332.

Appellants offer a number of alternate suggestions for the construction of the will: one of which is that no trust was created, but only a fee simple devise to the "parental family," and that any reference to a trust is merely precatory; another is that, if a trust was created, it can be terminated at any time, and thereupon the property would descend to all of the "parental family." Appellants cite, *inter alia, Union Trust Co.* v. *Madigan,* 183 Ark. 158, 35 S. W. 2d 349; *Combs* v. *Combs, supra; Ramseur* v. *Belding,* 206 Ark. 415, 175 S. W. 2d 977; *Cribbs* v. *Walker,* 74 Ark. 104, 85 S. W. 244; *Martin* v. *Gray,* 209 Ark. 841, 193 S. W. 2d 485; Thompson on Wills, §§ 174, 192, 194, 282, 296, 357; 69 C. J. "Wills," §§ 1269, 1204, 1300, 1678, 1150, 1312, 1496, 1504, 1506, 1517, 1526, 1757, 1681, 1780, 1831, 1523; American Law Institute's Restatement of the Law of Property, § 375; 48 C. J. "Perpetuities," § 90.

Undisputed evidence shows that it is impossible to keep the property for "reunion purposes" as referred to in paragraph 11 of the will. Gladys Cross, Helen Cockrill and Carolyn Baird are parties appellant, not only individually, but also as trustees, if there be a trust. We are therefore not required to decide whether the trust (if there be one) should be continued. The rule of cypres is not invoked. If appellants prevail, they want the property sold, and the proceeds divided. If appellees prevail, they will determine their own method of disposition.

In construing this will, certain rules must be remembered:

1. "The paramount principle in the construction of wills is that the general intention of the testator, if not in contravention of public policy or some rule of law, shall govern." *Union Trust Co.* v. *Madigan, supra.*

2. "That intent must be ascertained from the whole will taken together; and no part thereof to which meaning and operation can be given, consistent with the general intention of the testator, shall be rejected. Where the words of one part of a will are capable of a two-fold construction, that should be adopted which is most consistent

with the intention of the testator, as ascertained by other portions of the will. And where the intention of the testator is incorrectly expressed, the court will effectuate it by supplying the proper words." *Cox* v. *Britt,* 22 Ark. 567, and *Union Trust Co.* v. *Madigan, supra.*

3. "Where the language used by the testator is doubtful in its meaning, rules of construction are invoked to enable the courts to arrive at the intention, and, in cases of ambiguous provisions, certain presumptions must be indulged." *Union Trust Co.* v. *Madigan, supra.*

4. "The intention of the testator to dispose of his entire estate will be presumed, unless the language of the will shows to the contrary . . . This presumption, though not controlling, must always be taken into account when the language employed is so ambiguous as to require construction." *Id.*

5. "Wills are liberally construed, and every legitimate conclusion is indulged in order to reach a just and equitable result. . . . and in cases of doubt the construction should be in favor of the first taker because it is against the policy of the law to tie up property . . ." *Id.*

6. "Courts, in arriving at the true meaning and intent of the testator, incline against any construction of the will which would double portions to the partial exclusion of others equally meritorious." *Id.*

7. "Whether precatory words impose an imperative obligation on legatees, or are but the expression of a hope or recommendations, the carrying out of which is left to the discretion of such legatees, must now, according to the weight of authority, be determined by the language actually used, the context, and the consideration of the will as a whole." *Wooldridge* v. *Gilman,* 170 Ark. 163, 279 S. W. 20.

8. "When the expression which a testator uses is really ambiguous, and is fairly capable of two constructions, one of which would produce a legal result, and the other a result which would be bad for remoteness, it is a

fair presumption that the testator meant to create a legal rather than an illegal interest . . . and therefore the fact that a provision would be too remote, if construed in a certain way, is a reason for supposing that it was not intended to be construed in that way, which, although it cannot avail against a clear form of wording, may well be held to govern when the expression is ambiguous." Prof. Gray's work, "The Rule Against Perpetuities," 4th Ed., § 633.

We do not lengthen this opinion by listing other rules and citing other cases. Counsel have cited us to no case where language exactly like that found in paragraph 11 has ever been construed; and a discussion of the reasons impelling our conclusions would serve no useful purpose. We reach these conclusions:

I. The property should be sold, and the proceeds divided *per stirpes* to the "parental family" of Mr. Sam V. Bracy, Sr.

II. The "parental family," as that expression is shown by the proof in this case, means that we consider the parents of Mr. Sam V. Bracy, Sr., as the stem of descent; and the proceeds of the property in paragraph 11 will be divided into nine equal parts and distributed *per stirpes,* one part each to the following: (1) heirs at law of Sam V. Bracy, Sr.; (2) heirs at law of Mary Bracy Benson; (3) Anibel Bracy Hudson, or her heirs at law; (4) heirs at law of Adele Bracy Cross; (5) heirs at law of India Bracy Buchanan; (6) Eugene Daniel Bracy, or his heirs at law; (7) heirs at law of Clara Bracy Cross; (8) Junius T. Bracy, or his heirs at law; (9) heirs at law of W. F. Bracy. The persons who will take in each instance are to be determined as of the time of the distribution.

In reaching our conclusions we have examined numerous adjudicated cases and text writers, some of which are: *In re Keegan's Estate,* 37 N. Y. S. 2d 368; *Magill* v. *Magill,* 317 Mass. 89, 56 N. E. 2d 892; annotation in 154 A. L. R. 1411, entitled "Who included in term 'family' in be-

quest or devise"; annotations entitled "Taking *per stirpes* or *per capita* under will" found in 16 A. L. R. 15, 31 A. L. R. 799, 78 A. L. R. 1385, and 126 A. L. R. 157; and annotation on "Precatory Trusts" in 49 A. L. R. 10; 70 A. L. R. 326; and 107 A. L. R. 896.

It follows that the decree of the chancery court is reversed, and the cause is remanded with directions to enter a decree, and proceed in keeping with this opinion.