THOMAS W. CARROLL *v.* A. C. ROBINSON, EXECUTOR; MCILROY BANK OF FAYETTEVILLE, ARK., TRUSTEE

5-5255                                   454 S. W. 2d 329

Opinion delivered June 1, 1970

*Little & Lawrence,* for appellant.

*Wade, McAllister, Wade & Burke,* for appellees.

FRANK HOLT, Justice. Appellant is the sole heir of his father. He brought this action to have his father's testamentary trust declared invalid and to have the estate distributed as intestate property, contending that the trust violates the rule against perpetuities and unduly restrains the alienation of property. The probate court found that the trust does neither and ordered the executor of the testator's estate to deliver to the trustee, the appellee McIlroy Bank, the estate's assets. From that order appellant brings this appeal, and for reversal, reasserts his contentions.

The pertinent provisions of the testator's will are:

"* * * the income is to be paid to my son, Thomas Walton Carroll, in monthly installments, during his lifetime, provided however that said monthly installments shall not exceed the sum of $500 per month; * * *.

4. If at the time of my son's death, he has married and has a child or children under the age of twenty-one, then the income of the trust is to be paid to said child or children or their guardian in monthly installments, to be used for support, maintenance and education, until the youngest child shall have reached his or her twenty-first birthday.

b. When the youngest child, as set out in subparagraph 4 preceding, shall have reached his or her twenty-first birthday, or if the youngest child is already twenty-one years of age at the time of my son's death, then the trust hereby created shall be terminated, and the Trustee shall convey, transfer and assign over to such child or children, share and share alike if there be more than one, all the properties, moneys or other things of value then remaining in my said trust estate.

c. If at the time of my son's death he has not married and has no children, then the trust hereby created shall be terminated, and the Trustee shall convey" the remainder of the trust estate to certain named charities.

Subsequent to his father's death, appellant married; and from that union a daughter was born. Appellant contends that the trust corpus vests in interest at the birth of any children he may have, subject to complete divestment if the youngest of his children fails to reach the age of twenty-one. As we understand his position, appellant argues that "youngest" child means "last born" child and from this concludes that if the youngest child should in fact die prior to attaining majority, the rules against perpetuities and the suspension of the power of alienation are both violated since the vesting of the trust corpus could thereby be delayed until the death of all his (appellant's) surviving children. In other words, the right to the future possession of the trust corpus in this instance would revert to the testator's estate and there remain in abeyance until the death of all of appellant's children (an event which may occur far beyond the limit prescribed by the rule against perpetuities), at which time the trust corpus would then descend by way of intestate distribution.

We do not agree with appellant's reasoning. It is well settled that a will should be given that construction which accomplishes the purposes and objectives of the testator and, further, that consideration must be given to every part of the will in ascertaining the testator's intentions. *Walt* v. *Bevis*, 242 Ark. 644, 414 S. W. 2d 863 (1967). In *Cross* v. *Manning*, 211 Ark. 803, 202 S. W. 2d 584 (1947), we enumerated certain rules to be followed in construing a will, among which are the following:

"1. The paramount principle in the construction of wills is that the general intention of the testator,

if not in contravention of public policy or some rule of law, shall govern.

2. That intent must be ascertained from the whole will taken together; and no part thereof to which meaning and operation can be given, consistent with the general intention of the testator, shall be rejected. Where the words of one part of a will are capable of a two-fold construction, that should be adopted which is most consistent with the intention of the testator, as ascertained by other portions of the will. * * *

\* \* \*

8. When the expression which a testator uses is really ambiguous, and is fairly capable of two constructions, one of which would produce a legal result, and the other a result which would be bad for remoteness, it is a fair presumption that the testator meant to create a legal rather than an illegal interest . . . and therefore the fact that a provision would be too remote, if construed in a certain way, is a reason for supposing that it was not intended to be construed in that way, which, although it cannot avail against a clear form of wording, may well be held to govern when the expression is ambiguous.''

The testator began subsection (b) of his will with the qualifying clause: *"When* the youngest child * * * shall have reached his or her twenty-first birthday * * * *.''* [emphasis added] Use of the definite term "when" rather than a conditional "if" indicates to us that the testator intended this provision to be effective in the event that appellant should have any child or children attaining majority. This is made perfectly clear by subsection (c) which provides that if the appellant dies and "has no children," then the remainder vests in certain named charities. This dispels any ambiguity, if any exists, as to the testator's intent.

Manifestly, the latest time the future interest created by the trust will vest is when the youngest living child of appellant reaches twenty-one years of age. This period of time does not violate the rule against perpetuities and does not unduly restrain the alienation of property.

Affirmed.