Mr. Charles L. Robinson Legislative Auditor State Capitol Room 172 Little Rock, Arkansas 72201
Dear Mr. Robinson:
This is in response to your request for an opinion on several questions concerning the establishment, by a county, city or court, of a system for the collection of "hot checks" independent of the prosecuting attorney. Specifically, you note that the City of Rogers has enacted Ordinance No. 88-66 which authorizes the city attorney to process checks, orders or drafts pursuant to the provisions of the Arkansas Hot Check Law, A.C.A. § 5-37-301 etseq. The ordinance also allows the city attorney to collect the same fees for this service as are allowed prosecuting attorneys under A.C.A. § 21-6-411. You also note that it is your understanding the city attorney also serves as a deputy prosecuting attorney. You have posed four questions regarding these facts which will be set out below and answered in the order posed.
Your first question is as follows:
 May a county, municipality, or court authorize or establish a system for the collection of hot checks independent of the prosecuting attorney?
The answer to your question appears to be "yes" as regards a city attorney, as long as certain conditions are met. Each prosecuting attorney shall commence and prosecute all criminal actions in which the state or any county in his district may be concerned. A.C.A. § 16-21-103. Prosecuting attorneys, however, are given the authority in A.C.A. § 16-21-115 to designate the duly elected or appointed city attorney of a municipality to prosecute violations of state misdemeanor laws occurring within the municipality. A.C.A. § 16-21-115. It thus appears that the city attorney can prosecute "hot check" violations if the prosecuting attorney has designated him under A.C.A. § 16-21-115 and if the "hot check" violations prosecuted by him are misdemeanors. We cannot discern from Ordinance 88-66 whether both of these conditions have been met; but if so, the city attorney may lawfully prosecute "hot check" violations under Ordinance 88-66.
As to the establishment of an independent system for "hot check" collection by a county or a court, we can find no authorization for such a system, at least to the extent it allows for prosecutions. Such a system would take away the authority of the prosecuting attorneys without statutory authorization. See
A.C.A. § 16-21-103.
Your second question is as follows:
 May a county, municipality, or court allow a city attorney or other individual, to collect the same fees as authorized by Ark. Code Ann. § 21-6-411 or any other fee for the collection of hot checks?
It is my opinion that as to city attorneys and the city itself, the answer to your question is "yes". This conclusion is based upon A.C.A. § 14-43-410, which provides that:
 (a) Any city of the first or second class in the State of Arkansas may, by ordinance, provide that the city attorney of the city shall receive as part of his compensation, for all prosecutions tried by the city attorney for violations of ordinances of the city and for all prosecutions tried by the city attorney for violations of state laws committed within the corporate limits of the cities, the same fees as are allowed prosecuting attorneys in this state in all criminal cases.
It might be contended, under the statute above, that the city must provide by ordinance that the city attorney is to receive the same fees as the prosecuting attorney in all prosecutions the city attorney conducts, and not just in one type of prosecution, i.e., "hot check" prosecutions. It is my opinion, however, that the authority granted to cities in this section to allow their city attorneys the same fees in all cases, includes the lessor authority to allow the city attorney to collect similar fees in one or just some types of cases. Additionally, the Arkansas Supreme Court has recognized that in some instances the word "all" can be interpreted to mean "any." Patterson v.Polk, 229 Ark. 272, 280, 317 S.W.2d 286 (1958).
The city itself is also given authority to collect these fees, as will be seen in response to question 3 below.
We can find no authority for a county or court to allow another individual to collect the fees prescribed at A.C.A. § 16-21-411.
Your third question is as follows:
 If a city attorney or other individual may properly collect the fees stated at Ark. Code Ann. § 21-6-411, a) what is the proper disposition of the fees; and b) are there any limitations on the use of the fees collected?
This question is governed, in my opinion, by A.C.A. § 14-43-410
(b), which provides:
 (b)(1) By proper ordinance, the city may specify a certain salary or salary and fees, as the council may desire.
 (2) In the event the city attorney is paid a salary only, the city is authorized to collect the fees referred to in this section and they are to be applied as the council may direct.
It thus appears that these fees may be used as a part of the city attorney's compensation, or they may be used for other purposes as the council may direct.
An answer to your fourth question is unnecessary, as it is predicated upon a negative answer to question 2 above. Additionally, as to your statement that the city attorney also serves as a deputy prosecuting attorney, you may wish to refer to Opinion No. 90-081, with attachments, a copy of which is enclosed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb