IN THE MATTER OF THE ESTATE OF Othar HARP
Tommy Harp, et al. *v.* Sam Harp

93-1277                                          875 S.W.2d 490

Supreme Court of Arkansas
Opinion delivered May 2, 1994

*Michael E. Kelly, P.A.*, by: *Michael E. Kelly*, for appellants.

*Randall Hall*, for appellee.

TOM GLAZE, Justice. Othar Harp died January 30, 1992, leaving heirs-at-law of sons Sam and Joe Harp; daughters Sue Calbert and Nola Lete; and grandchildren Jim, Tommy, and Rinda Harp who are children of Othar's deceased son, Jim Harp. Othar's will was admitted to probate, and according to its terms, Sam Harp was appointed executor. Sam Harp filed a petition requesting the court to interpret provisions of the will which appeared ambiguous and conflicting. The three grandchildren subsequently filed a petition to contest the will. The grandchildren contended that, when Othar executed his will, he was incompetent and had acted under undue influence and duress. They also claimed that the will's provisions were ambiguous and incapable of being interpreted or reconciled and that Othar's estate should be distributed in accordance with the laws of intestacy.[1] The grandchildren's contentions were rejected by the probate court, and they appeal that court's decision.

---

[1] All the heirs-at-law received devises or bequests under the will. Additionally, Othar's stepson, Fred Coonts, was named a devisee.

On appeal, the only issue involves the interpretation of Othar's will and the ambiguity caused by paragraph 5 and paragraph 7 because both appear to be residuary clauses. The probate court found the two paragraphs were ambiguous with misspelled names and missing words, but it also considered that there is a legal presumption against intestacy and that the testator is presumed to have intended to dispose of his entire estate. In reading all of the provisions of Othar's will, the probate court upheld the will's validity, finding that paragraph 5 was a specific residuary clause devising the remainder of Othar's real estate to his son, Sam, and paragraph 7 was a general residuary clause benefiting Othar's daughters.

For reversal, the grandchildren argue that the probate court could not determine Othar's intent from reading the entire will and reaching the conclusion it did without resorting to speculation. They suggest Othar should be declared to have died partially intestate, and to support their proposition, they cite Ark. Code Ann. § 28-26-103 (1987), which provides that "[i]f part but not all of the estate . . . is validly disposed of by will, the part not disposed of . . . shall be distributed as provided by law with respect to the estates of intestates." The grandchildren argue to hold otherwise effectively disinherits them.

The executor, Sam Harp, counters by arguing the probate court properly employed rules of construction in giving effect to all provisions in Othar's will, he says to hold as the grandchildren argue, would cause paragraphs 5 and 7 to be null and void. Additionally, Sam Harp points to the clear division in the will between paragraphs dealing with devises of real property and bequests of personalty, and argues this division supports the logical construction given paragraphs 5 and 7 by the probate court. Finally, Sam Harp states the grandchildren were not disinherited by the court's construction, since the will provides for a bequest of $500 to each of them.

In the interpretation of wills, the paramount principle is that the testator's intent governs. *In Re the Matter of the Estate of Lindsey*, 309 Ark. 596, 832 S.W.2d 808 (1992); *Cross* v. *Manning*, 211 Ark. 803, 202 S.W.2d 584 (1947). The testator's intent is to be gathered from the four corners of the instrument itself. *Armstrong* v. *Butler*, 262 Ark. 31, 553 S.W.2d 453

(1977). Further, the intention of the testator to dispose of his entire estate will be presumed, unless the language of the will shows the contrary. *Cross*, 211 Ark. 803, 202 S.W.2d 584. And while this presumption is not controlling, it must always be considered when the language is so ambiguous as to require construction. *Id.* In construing a will, a court should give force to each provision, and only when there is an irreconcilable conflict between two clauses, must one give way to the other. *Lindsey*, 309 Ark. 596, 832 S.W.2d 808.

As mentioned above, Othar's will contains two residuary clauses which appear to conflict, necessitating resolution by the court. Those two clauses read as follows:

-5-

All the rest of my estate wherever situated I give, devise and bequeath to my son SAM HARP.

. . .

-7-

All the rest residue and remainder of my estate including any failed or lapsed gifts and bequeath to my daughters NOLA McLEET and SUE CALBERT in equal shares if both survive my death or to the survivor of the two.

The probate court found that paragraph 5 is meaningless unless read in light of preceding paragraphs 3 and 4 which devise two separate tracts of land. Paragraph 6, on the other hand, bequeaths specific sums of money to the grandchildren and paragraph 7 is a general residuary clause. The probate court found paragraph 5 was the last of a series of paragraphs dealing with devises of real property, and thus, the court held paragraph 5 was a specific residuary clause of any remaining real estate not already devised in paragraphs 3 and 4. Further, the court held that paragraphs 6 and 7 would be meaningless unless paragraph 5 was interpreted as a specific residuary clause. Under this interpretation, the court further concluded paragraph 7 was a general residuary clause — and as such, it disposed of personal property or other property not already disposed of by the prior provisions of the will.

Based on the language and organization of Othar's will, we find the interpretation by the probate court is correct. Such holding is consistent with this court's prior decision that a will may contain both a specific residuary clause and a general residuary clause, or several specific residuary clauses. *In the Matter of the Estate of Lindsey*, 309 Ark. 596, 832 S.W.2d 808 (1992). Further, where a will contains two or more clauses that are apparently residuary in character, the court should determine whether one or more refers to a specific or limited residuum. *Id.*

The probate court's application of the foregoing rules gives force and effect to all the paragraphs of Othar's will. As stated previously, it is generally the intention of a testator when executing a will that his or her will be given full effect whenever possible, and there is nothing in Othar's will which indicates Othar intended to devise and bequeath anything less than his entire estate.

For the foregoing reasons, we affirm.